**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ALBERT LEE MADISON, | Case No.: 4:25-cv-00231 |
| Plaintiff, | |
| v. | **COMPLAINT AND** <br> **REQUEST FOR JURY TRIAL** |
| SP PLUS CORPORATION, GREGORY LUCKETT, and VICKY JUDE, | |
| Defendants. | |

Plaintiff, Albert Lee Madison ("Plaintiff"), by and through his attorneys, Consumer Attorneys PLLC, hereby complains of the Defendants SP Plus Corporation (hereinafter "SP Plus" or the "Corporate Defendant"), Gregory Luckett (hereinafter "Luckett") and Vicky Jude (hereinafter "Jude") (Luckett and Judge collectively hereinafter the "Individual Defendants") (the Corporate Defendant and Individual Defendants collectively the "Defendants"), upon information and belief, as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this case alleging that Defendants have violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, Title I of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.*, and the Missouri Human Rights Act ("MHRA"), RSMo § 213.010 *et seq.* (2023), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated and retaliated against on the basis of his actual

and/or perceived disability.

2.     Defendants refused to provide a reasonable accommodation to Plaintiff, retaliated against him for requesting accommodations, interfered with him in the exercise and enjoyment of his rights under the FMLA, the ADA, and the MHRA on account of his exercise of his rights under the FMLA, the ADA, and the MHRA, and terminated his employment in violation of the law.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including the FMLA (29 U.S.C § 2617), and the ADA (42 U.S.C. § 12188).

4.     Further, this Court has subject matter jurisdiction over Plaintiff's claims under Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5.     This Court has supplemental jurisdiction over related state claims of the MHRA against Defendants under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the employment practices alleged in this Complaint to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri.

## PROCEDURAL REQUIREMENTS & EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.     Plaintiff filed a charge of discrimination upon which this Complaint is based with the United States Equal Employment Opportunity Commission ("EEOC") on or about

October 25, 2024.

8.      Plaintiff received a Notice of Right to Sue from the EEOC on or about November 28, 2024, with respect to the herein charges of discrimination and retaliation.

9.      A copy of the Notice of Right to Sue is annexed hereto as **Exhibit "A."**

10.      This Action is being commenced within ninety (90) days of receipt of said Right to Sue as required by 29 U.S.C. § 1601.28(e)(1).

11.      Accordingly, all conditions precedent to filing a lawsuit have been met.

## PARTIES

12.      At all relevant times, Plaintiff was and is a resident of the State of Missouri, St. Louis County.

13.      At all relevant times, Plaintiff was an employee of Defendant SP Plus.

14.      At all relevant times, Defendant SP Plus is a foreign for-profit corporation with a principal place of business located at 200 East Randolph Street, Suite 7700, Chicago, IL, 60601 and is authorized to do business in the State of Missouri, including within this District.

15.      At all relevant times, Plaintiff was employed by Defendant SP Plus and performed his work duties at 10701 Lambert International Airport, Lambert Airport, MO, 63145.

16.      At all relevant times, Defendant SP Plus employs more than fifty (50) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

17.      At all relevant times, Defendant SP met the definition of an "Employer" and is subject to the FMLA, the ADA, and the MHRA.

18.      At all relevant times, Defendant Luckett was an individual male residing in the State of Missouri.

3

19. Defendant Luckett supervised Plaintiff during the course of his employment and was employed as a General Manager by Defendant SP Plus.

20. By virtue of the foregoing, Defendant Luckett was an employer within the meaning of the law as set forth in the MHRA.

21. At all relevant times, Defendant Jude was an individual female residing in the State of Missouri.

22. Defendant Jude supervised Plaintiff during the course of his employment and was employed as a Field Manager by Defendant SP Plus.

23. By virtue of the foregoing, Defendant Judge was an employer within the meaning of the law as set forth in the MHRA.

**STATEMENT OF FACTS**

24. Plaintiff began his employment with Defendant SP Plus as a Shuttle Bus Operator in or around August 19, 1999.

25. Upon information and belief Defendant Luckett was and is an employee of Defendant SP Plus who held a managerial/supervisory role over Plaintiff, including hiring/firing authority.

26. Upon information and belief, Defendant Jude was and is an employee of Defendant SP Plus who held a managerial/supervisory role over Plaintiff, including hiring/firing authority.

27. Plaintiff was diagnosed with right-sided Sciatica in or around April 9, 2017.

28. As a result of Plaintiff's sciatica, Plaintiff walks with a cane.

29. Despite Plaintiff's disability, Plaintiff has performed his duties for Defendants to an exemplary level.

30.    On or about April 8, 2024, Plaintiff suffered a flare-up of his Sciatica, causing extreme pain and discomfort while at work.

31.    Upon information and belief, the stressful nature of his employment with Defendants contributed at least in part to the flare-up of Plaintiff's disability.

32.    Following the flare-up of Plaintiff's disability, Plaintiff visited his treating physician for evaluation on or about April 9, 2024.

33.    Plaintiff's treating physician recommended that Plaintiff could return to work on light duty as soon as April 12, 2024.

34.    Specifically, Dr. Baskir recommended that Plaintiff could not drive due to his disability but could perform cleaning and custodial duties.

35.    Cleaning and driving were regular parts of Plaintiff's work performance duties.

36.    These duties required Plaintiff to sit, stand, and work with his hands regularly such that it exacerbated the symptoms of his disability.

37.    As a result of Plaintiff's physician visit, he turned in his doctor's note with requested accommodations to the Defendants.

38.    Instead of engaging with Plaintiff in an interactive dialogue to determine what accommodations Plaintiff could work with, as Defendants are required to under the law, Defendants immediately reacted with hostility to Plaintiff's request for reasonable accommodations for his serious health condition and disability.

39.    Specifically, Defendants sent Plaintiff home after he provided notice of his request for an accommodation.

40.    Further, Defendants placed Plaintiff on indefinite leave until Plaintiff agreed to return to work without accommodations.

5

41.     Refusing to provide Plaintiff with reasonable accommodation for his disability is a violation of the ADA.

42.     Further, refusing to allow Plaintiff to work for requesting reasonable accommodation, which is a protected activity, constitutes unlawful retaliation.

43.     Following this, Plaintiff requested a grievance committee with Defendants Luckett and Jude to address his work status.

44.     On or about April 23, 2024, Plaintiff attended the grievance committee meeting with Defendants Luckett and Jude.

45.     Plaintiff was accompanied to the April 23, 2024, grievance committee meeting with Defendants by a representative from Teamster Local 618 (hereinafter the "Union") named Robert Phelps (hereinafter "Phelps").

46.     During the events of the grievance committee meeting, Plaintiff was asked to return to work without limitations despite his need for a reasonable accommodation to tend to his disability.

47.     Plaintiff was shocked, as other employees of Defendant were permitted to work with similar limitations that Plaintiff was requesting.

48.     Further, Plaintiff was ensured that he would be able to return to work shortly after the meeting, but has nonetheless remained on indefinite leave.

49.     Without being able to continue to work without some form of a reasonable accommodation, Plaintiff has struggled to financially support himself.

50.     Plaintiff was effectively prevented from working because of the existence of his disability and his request for reasonable accommodations.

51.     Defendants have thus discriminated against Plaintiff based solely on the

existence of his disability and retaliated against Plaintiff for requesting a reasonable accommodation.

52.     It is clear from the temporal proximity of Plaintiff's requests for accommodations and Defendants' response that the reason to place Plaintiff on indefinite leave was discriminatory and retaliatory in nature.

53.     Rather than engaging in a meaningful interactive dialogue, the Defendants have limited Plaintiff's ability to work in order to avoid providing a reasonable accommodation as is required by law.

54.     Accordingly, Plaintiff has been unlawfully discriminated against on the basis of his actual and/or perceived disabilities and for requesting an accommodation.

55.     Defendants acted intentionally and intended to harm Plaintiff.

56.     Defendants treated Plaintiff this way solely due to his disability, whether actual and/or perceived and for requesting an accommodation.

57.     Alternatively, Defendants' decision to place Plaintiff on indefinite leave was at least in part substantially motivated by the advent of his disability.

58.     Defendant retaliated against Plaintiff solely because he requested a reasonable accommodation.

59.     As a result of the acts and conduct complained of herein, Plaintiff has suffered what is effectively a loss of employment, income, other compensation which such employment entails, and emotional distress damages.

60.     Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

61.     Plaintiff was and is disabled and had a serious health condition within the

meaning of the FMLA, ADA, and MHRA, and and/or Defendant perceived Plaintiff to be disabled.

62.     Plaintiff is a qualified individual by the virtue of his prior experience working for Defendant SP Plus for over a decade, who can perform the essential functions of his employment with or without a reasonable accommodation as defined by §12111(8) of the ADA.

63.     At all times relevant, Plaintiff's disability was a physical impairment which substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the ADA, including, but not limited to: walking, standing, sitting, lifting, bending, working.

64.     Defendants unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against him for seeking to permit him to seek leave as is his right under the law.

65.     The above are just some of the ways the Defendants discriminated and retaliated against the Plaintiff while employing him.

66.     Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

67.     Defendant conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

68.     As such, Plaintiff demands punitive damages as against Defendant.

69.     To add insult to injury, Plaintiff was never provided with certification forms to obtain leave under the FMLA.

70.     The Defendants were placed on notice that Plaintiff suffered from a serious health condition.

8

71.    Notwithstanding that, the Defendants failed to provide the required FMLA certification forms in violation of the law.

72.    By virtue of the foregoing, and as set forth further below, Defendants interfered with Plaintiff's right to job-protected leave under the FMLA.

## AS A FIRST CAUSE OF ACTION
## INTERFERENCE UNDER THE FAMILY MEDICAL LEAVE ACT

73.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

74.    Plaintiff was eligible for the FMLA's protections and entitled to leave under the FMLA because he had worked for SP Plus for more than a year and had performed at least 1,250 hours of work within the year prior to his request for leave.

75.    Defendant SP Plus is covered by the FMLA as it has more than fifty (50) employees.

76.    Defendants failed to notify Plaintiff that he qualified for FMLA leave as reasonable accommodation to his disability and serious health condition.

77.    Defendants interfered with Plaintiff's FMLA benefits to which he was entitled.

78.    Defendants' interference has caused Plaintiff harm.

79.    Defendants willfully and unlawfully interfered with, restrained, and/or denied Plaintiff's exercise of, or attempted exercise of, his rights under the FMLA, in violation of 29 U.S.C. § 2615(a)(l) and 29 CFR §825.220

80.    Defendants violated the FMLA and several regulations promulgated under the FMLA, and pursuant to 29 CFR §825.220, each such violation constitutes interfering with, restraining, and/or denying Plaintiff exercise of or attempted exercise of his rights under the

FMLA.

81.     Defendants' violations of the FMLA included, without limitation, discouraging and intimidating Plaintiff from using FMLA leave, pressuring and preventing Plaintiff from using his FMLA leave, denying Plaintiff the right to exercise his FMLA leave and treating Plaintiff differently than other similarly situated employees because of his requests for FMLA leave.

82.     Defendants willfully and unlawfully discharged Plaintiff and interfered with Plaintiff's use of an entitlement to FMLA leave because he exercised or attempted to exercise his rights under the FMLA, in violation of 29 U.S.C. § 2615(a) and 29 CFR § 825.220.

83.     Defendants terminated Plaintiff's employment in order to prevent him from exercising his rights provided by the FMLA and the termination effectively denied Plaintiff his FMLA protected leave.

84.     The actions of Defendants were taken willfully and with intentional disregard of the rights of the Plaintiff under the FMLA.

85.     Under the FMLA, Plaintiff is entitled to the reinstatement to his position.

86.     As a result of the actions of Defendants as described above, Plaintiff has suffered compensatory damages, including but not limited to back pay, front pay, lost wages, lost medical coverage, lost retirement benefits, and other lost benefits of his employment.

87.     The actions of Defendants as described above were not taken in good faith and were taken without reasonable grounds to believe they were not in violation of 29 U.S.C. § 2615, thereby entitling Plaintiff to recover from Defendants liquidated damages pursuant to 29 U.S.C. § 2617(a)(t)(A).

88.     As a result of the actions of Defendants, Plaintiff is entitled to reasonable

attorney's fees, reasonable expert witness fees, and other costs pursuant to 29 U.S.C. § 2617(a)(3).

## AS A SECOND CAUSE OF ACTION
## <u>DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT</u>

89.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

90.     Section 12112 of the ADA, titled "Discrimination," provides:

    a.  General rule. - No covered entity shall discriminate against a qualified individual on the basis of **disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

91.     Defendants violated this section as set herein.

## AS A THIRD CAUSE OF ACTION
## <u>RETALIATION UNDER THE AMERICANS WITH DISABILITIES ACT</u>

92.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

93.     The ADA prohibits retaliation, interference, coercion, or intimidation.

94.     Section 12203 of the ADA provides:

    a.  Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

    b.  Interference, coercion, or intimidation. It shall be unlawful to coerce,

intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

95.    Defendant violated this section as set forth herein.

**AS A FOURTH CAUSE OF ACTION**
**DISCRIMINATION UNDER THE MISSOURI HUMAN RIGHTS ACT**

96.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

97.    At all relevant times herein, Defendant had six or more employees.

98.    Plaintiff was a member of a protected class due to his disability.

99.    Plaintiff was qualified to perform his job.

100.    Plaintiff suffered an adverse employment action in that he was discharged.

101.    Plaintiff was treated differently from similarly situated non-disabled employees.

102.    Plaintiff was subjected to discrimination with respect to his compensation, terms, conditions, and/or privileges of employment based on his disability by Defendants as described herein.

103.    Plaintiff was subjected to discharge based on his disability by Defendants as described herein.

104.    Plaintiff's disability were contributing factors to his discharge and/or to the discrimination against Plaintiff with respect to compensation, terms, privileges, and conditions of employment as described herein.

105.    Plaintiff suffered and continues to suffer damages as a direct and proximate result of Defendant's conduct alleged in this Complaint, including but not limited to lost wages; back pay; front pay; lost income; benefits; incidental, consequential, and punitive damages; and damages for mental anguish and emotional suffering.

106.    Defendants acted with malice or reckless indifference to Plaintiff's rights to not be discriminated under the MHRA, and were done in knowing violation thereof. Such reckless and intentional conduct warrants the imposition of punitive damages on Defendants.

**AS A FIFTH CAUSE OF ACTION**
**RETALIATION UNDER THE MISSOURI HUMAN RIGHTS ACT**

107.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

108.    At all relevant times herein, Defendant had six or more employees.

109.    Plaintiff engaged in protected activity when he requested a reasonable accommodation due to his disability.

110.    Plaintiff suffered an adverse employment action in that he was discharged.

111.    The temporal proximity between Plaintiff's request for leave and his indefinite suspension, which effectively amounts to a termination, constitutes circumstances upon which a reasonable inference of retaliation exists due to the short temporal proximity between these events.

112.    Specifically, only a few months after his request for a reasonable accommodation, Defendants retaliated against Plaintiff by placing him on indefinite leave.

113.    Plaintiff was subjected to retaliation as a result of his protected activity by Defendants as described herein.

114.    Plaintiff was subjected to discharge in retaliation for his request for a reasonable accommodation by Defendants as described herein.

115.    Plaintiff's request for a reasonable accommodation for his disability was a contributing factor to his discharge.

116.    Plaintiff suffered and continues to suffer damages as a direct and proximate result of Defendant's conduct alleged in this Complaint, including but not limited to lost wages; back pay; front pay; lost income; benefits; incidental, consequential, and punitive damages; and damages for mental anguish and emotional suffering.

117.    Defendants acted with malice or reckless indifference to Plaintiff's rights to not be discriminated under the MHRA, and were done in knowing violation thereof. Such reckless and intentional conduct warrants the imposition of punitive damages on Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment from the Defendants as follows:

A. Accept jurisdiction over this matter;

B. Award Plaintiff for his past and future loss of wages, and benefits, plus statutory pre-judgment and post-judgment interest;

C. Award to Plaintiff front pay (including benefits);

D. Reinstatement;

E. Award to Plaintiff liquidated damages incurred in connection with this action, equal to the sum amount of backpay and interest or as otherwise provided by the causes of action;

F. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;

14

G. Award to Plaintiff compensatory damages;

H. Award to Plaintiff punitive damages; and

I. Grant Plaintiff such additional or alternative relief as the Court deems just, equitable,

and proper.

## **JURY DEMAND**

Plaintiff respectfully demands a trial by jury on all claims properly triable by a jury

pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this 26th day of February, 2025.

*/s/ Meir Rubinov*
Meir Rubinov, Bar #6077887NY
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing NY 11367
T: 718-640-8123
F: (718) 715-1750
E: mrubinov@consumerattorneys.com

Emanuel Kataev, Esq.
*Pro Hac Vice Motion Forthcoming*
68-29 Main Street
Flushing, NY, 11367
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff,*
*Albert Lee Madison*