**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ALBERT LEE MADISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 4:25-cv-00231 |
| v. ) | |
| ) | |
| SP PLUS CORPORATION, GREGORY ) | Hon. Judge Henry Edward Autrey |
| LUCKETT, and VICKY JUDE ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS LUCKETT'S AND JUDE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.   INTRODUCTION**

Plaintiff Albert Lee Madison's Complaint should be dismissed with prejudice as it pertains to Defendants Gregory Luckett and Vicky Jude (hereinafter collectively referred to as the "Individual Defendants"). Plaintiff asserts claims under three statutes against the Individual Defendants and Defendant SP Plus with no delineation as to which claims are against specific defendants: (1) violations of the Family Medical Leave Act ("FMLA"); (2) violations of the Americans with Disabilities Act ("ADA"); and (3) violations of the Missouri Human Rights Act ("MHRA"). Plaintiff has also failed to plead sufficient facts to plausibly state any claims against the Individual Defendants under the FMLA. Furthermore, neither the ADA nor the MHRA allows for individual liability against the Individual Defendants.

Plaintiff's FMLA claim in Count I should be dismissed because he has failed to satisfactorily plead plausible claims for individual liability under the FMLA as to either Luckett or Jude. Specifically, Plaintiff's Complaint only asserts that the Individual Defendants worked for his employer in a supervisory capacity and that he met with them during a grievance committee meeting with his union when he sought reinstatement. Plaintiff does not allege that

the Individual Defendants had any control over the decision to place him on FMLA leave or to restore him to his position after his FMLA leave. Other Circuits and District Courts have long established that a plaintiff bringing a claim under FMLA against individual defendants must establish a higher level of control over employees' FMLA rights. If a plaintiff simply asserts that the individuals were managers and nothing more—as Plaintiff has done in this matter—then the claim fails to plausibly allege individual liability and should be dismissed.

Plaintiff's claims under the ADA and MHRA should be dismissed because it is well established there is no individual liability under either law.

For these reasons and those discussed below, the Court should dismiss Plaintiff's Complaint as it applies to the Individual Defendants with prejudice.

## II.   ALLEGATIONS IN THE COMPLAINT

Plaintiff alleges that he first began working for Defendant in or around August 19, 1999. (Dkt. #1, ¶24).[1] Plaintiff admits in his Complaint that both of the Individual Defendants are employees of Defendant SP Plus Corporation (hereinafter "Defendant SP") and that both held either a managerial or supervisory role over Plaintiff. (*Id.* ¶¶25, 26).

On or about April 9, 2017, Plaintiff claims that he was diagnosed with right-sided Sciatica that required the use of a cane when walking. (*Id.* ¶¶27, 28). Plaintiff continued to work with Defendant until he suffered a flare up of his Sciatica on or about April 8, 2024. (*Id.* ¶30). Plaintiff went to see his medical physician the next day who released him to return to work with light duty restrictions on April 12, 2024. (*Id.* ¶¶32, 33). Plaintiff's physician's recommended restrictions included no driving. (*Id.* ¶34). Despite Plaintiff claiming that his physician cleared

---

[1] Defendant is reciting the factual allegations as set forth in Plaintiff's Complaint as required for purposes of a Rule 12(b)(6) motion to dismiss; however, Defendant does not admit the truth of Plaintiff's factual allegations and denies any wrongdoing towards Plaintiff.

him to perform cleaning and custodial duties, he also states that the duties required him to do things that "exacerbated the symptoms of his disability." (*Id.* ¶¶34, 35, 36).

Plaintiff alleges that after he turned in his physician's recommendations, Defendants sent Plaintiff home and placed him on indefinite leave until he agreed to return to work without accommodations. (*Id.* ¶¶37, 38, 39, 40). Following being placed on an alleged indefinite leave, Plaintiff claims that he requested a grievance committee meeting with his union and the Individual Defendants which occurred on April 23, 2024. (*Id.* ¶¶43, 44). Plaintiff alleges that the Individual Defendants requested again that he return to work without limitations. (*Id.* ¶46). Plaintiff then claims that the Individual Defendants told him that he could return to work shortly after the meeting, but that he remained on indefinite leave. (*Id.* ¶48). Plaintiff also alleges that he was never provided with certification forms to obtain leave under FMLA. (*Id.* ¶69).

In the Complaint, Plaintiff asserts interference under the FMLA in violation of 29 U.S.C. § 2615(a)(1) (Count I); discrimination and retaliation under the ADA in violation of 42 U.S.C. § 12112 and 42 U.S.C. § 12203 (Counts II and III); and discrimination and retaliation under the MHRA in violation of Mo. Rev. Stat. § 213.0555 (Counts IV and V).

## III.   APPLICABLE STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## IV. ARGUMENT

### A. Plaintiff has failed to plead sufficient facts about the Individual Defendants' actions for Count I.

While the Eighth Circuit has not addressed how the FMLA specifically imposes individual liability, many other Circuits and District Courts have applied a parallel test based on the Fair Labor Standards Act. *Brunelle v. Cyros Indus.*, 225 F. Supp. 2d 67, 82 (D. Me. 2002) (citing *Morrow v. Putnam*, 142 F. Supp. 2d 1271, 1275 (D. Nev. 2001)).

Some circuits have employed a test to determine whether a supervisor can be sued in their individual capacity under FMLA that examines whether the individual defendant (1) had the ability to hire and fire employees; (2) supervised and controlled work schedules; (3) determined how much employees were paid or how they were paid; (4) maintained records for employees; and, crucially, (5) whether the individual had the ability to make the decisions that contributed to the FMLA violation alleged by the plaintiff. *Id.* (citing *Baystate Alternative Staffing, Inc. v. Herman*, 163 F.3d 668 (1st Cir. 1998)). This test has been utilized in other District Courts as well. *White v. Graceland Coll. Ctr for Prof'l Dev. & Lifelong Learning, Inc.*, 2008 U.S. Dist. LEXIS 79490, at *12–13 (D. Kan. Sep. 4, 2008) (citing *Brunelle*, 225 F. Supp. 2d at 67). But merely claiming in a Complaint that an individual defendant is a manager is not enough to survive a motion to dismiss. *Johnson v. A.P. Products, Ltd.*, 934 F. Supp. 625, 629 (S.D.N.Y. 1996).

"[T]he FMLA extends to all those who controlled 'in whole or in part'" an employee's ability to take a leave of absence and return to their position. *Freemon v. Foley*, 911 F. Supp. 326, 332 (N.D. Ill. 1995). In the neighboring Seventh Circuit, district courts have long held that an individual can be liable "provided the defendant had supervisory authority over the complaining employee *and* was responsible in whole or part for the alleged violation." *Id.* at 331

(citing *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987) (emphasis added)). An individual who is alleged to have violated the law is not considered an employer if he did not have hiring or firing authority, the ability to set wages, permission to control operations or payroll. *Id.* at 331–332 (citing *Dole v. Continental Cuisine, Inc.*, 751 F. Supp. 799, 802–03 (E.D. Ark. 1990); *Schuth v. LSU Med. Ctr.*, 1989 U.S. Dist. LEXIS 6803, at *2 (E.D. La. June 15, 1989)).

In the instant case, Plaintiff's Complaint fails to identify any actions taken by the Individual Defendants that show control over the ability to take leave under FMLA. Plaintiff alleges only that the Individual Defendants attended a union grievance committee meeting in April of 2024. (Dkt. #1, ¶44). During the grievance committee meeting, Plaintiff only claims that the Individual Defendants asked for Plaintiff to return to work without accommodations and then alleges that the Individual Defendants assured Plaintiff that he could return to work shortly after the grievance committee meeting. (Dkt. #1, ¶¶46, 48).

Although they are employed in supervisory roles, Plaintiff does not make any allegations that the Individual Defendants' job duties at SP Plus, as opposed to the job duties of SP Plus' Human Resources team, included providing employees with FMLA documentation and making decisions about whether employees would be approved for FMLA and to return from FMLA. Instead, Plaintiff makes conclusory legal allegations—without support—that all of the Defendants' actions "willfully and unlawfully discharged Plaintiff and interfered with Plaintiff's use of an entitlement to FMLA leave…." (Dkt. #1, ¶82).

While the Eighth Circuit has not created a clear rule regarding FMLA claims and individual defendants, the other Circuits and District Courts have shown that more than a threadbare allegation that an individual was a manager is needed in order to create liability.

Without sufficient factual allegations that outline the Individual Defendants authority at SP Plus with respect to FMLA decisions and involvement in alleged interference in his rights under the FMLA, Plaintiff cannot assert a violation of FMLA and Count I fails to state any plausible claim. Count I of Plaintiff's Complaint should therefore be dismissed with prejudice.

### B.     The ADA does not provide for individual liability.

Counts II and III of Plaintiff's Complaint should be dismissed with prejudice because the statute does not provide for individual liability against the Individual Defendants. The ADA defines an employer as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person…." 42 U.S.C. § 12111(5)(A). The Individual Defendants plainly do not meet the definition of an employer covered by the ADA.

While the Eight Circuit has not specifically held whether or not the ADA creates individual liability, it has cited with approval other circuits that have concluded there is no individual liability under the ADA. *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 (8th Cir. 1999) (noting that other Circuits have held there is no individual liability under Title I of the ADA) (citing *Butler v. City of Prairie Village*, 172 F.3d 736, 744 (10th Cir. 1999); *Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996); *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1280-82 (7th Cir. 1995)).

There are no allegations that can be raised by Plaintiff that would create liability for the Individual Defendants under Title I of the ADA. Accordingly, Plaintiff's ADA claims in Counts II and III against the Individual Defendants should be dismissed with prejudice.

**C.    The Missouri Human Rights Act similarly does not provide for individual liability (12(b)(1)).**

The MHRA was amended in 2017 to exclude from the definition of employer "[a]n individual employed by an employer." Mo. Rev. Stat. § 213.010(8)(c). Based on this amendment, the Eighth Circuit has observed that there is no individual liability under the MHRA. *Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1079 (8th Cir. 2021).

By Plaintiff's own admission, each of the Individual Defendants is "an employee of Defendant SP Plus…." (Dkt. #1, ¶¶25, 26). Since both of the Individual Defendants are employees employed by an employer, Defendant SP, the MHRA does not create liability for their actions. Therefore, Counts IV and V under the MHRA should be dismissed as to the Individual Defendants with prejudice.

**V.    CONCLUSION**

For all these reasons, Defendants Gregory Luckett and Vicky Jude respectfully request that Counts I, II, III, IV and V of Plaintiff's Complaint be dismissed with prejudice.

Dated:  May 19, 2025                                Respectfully submitted,

**DEFENDANTS GREGORY LUCKETT AND VICKY JUDE**

By:    */s/David A. Moore*
        One of Defendants' Attorneys

David A. Moore
Alex J. Levin
Laner Muchin, Ltd.
515 North State Street, Suite 2400
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
dmoore@lanermuchin.com
alevin@lanermuchin.com

**CERTIFICATE OF SERVICE**

I, David A. Moore, an attorney, hereby certify that on May 19, 2025, I caused to be served a copy of the foregoing **Defendants Gregory Luckett's and Vicky Jude's Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint with Prejudice**, in the above-captioned matter to be served on the parties of record, including those listed below, by operation of the Court's electronic filing system, and via email addressed to:

>Meir Rubinov
>Emanuel Kataev
>CONSUMER ATTORNEYS PLLC
>68-29 Main Street
>Flushing, New York 11367
>mrubinov@consumerattorneys.com
>ekataev@consumerattorneys.com

>/s/David A. Moore
>David A. Moore