# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DISTRICT

| | |
|---|---|
| ALBERT LEE MADISON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SP PLUS CORPORATION, et al., )<br>)<br>Defendants. ) | No. 4:25CV231 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Luckett and Jude's Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not responded to the Motion. For the reasons that follow, the Motion will be denied in part and granted in part.

## Facts and Background[1]

Plaintiff's Complaint alleges that he brings this case against defendants for violations of the Family Medical Leave Act, ("FMLA"), 29 U.S, C. §2601, *et seq.*, Title I of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Missouri Human Rights Act, ("MHRA"), RSMo § 213.010, *et seq.*

---

[1] The recitation of facts is set forth for the purposes of this motion only. It in no way relieves the parties of the necessary proof of the facts in later proceedings.

Plaintiff seeks damages for alleged injuries he has sustained as a result of discrimination and retaliation.

Plaintiff alleges SP Plus has met the definition of "employer" and is subject to the FMLA, the ADA, and the MHRA. With regard to Defendants Luckett and Jude, Plaintiff alleges they "supervised Plaintiff during the course of Plaintiff's employment.

According to the Complaint, Plaintiff began his employment with Defendant SP Plus as a Shuttle Bus Operator around August 19, 1999.

Plaintiff believes Defendants Luckett and Jude were and are employees of Defendant SP Plus who held managerial/supervisory roles over Plaintiff, including hiring/firing authority.

Plaintiff was diagnosed with right-sided Sciatica in or around April 9, 2017. As a result of Plaintiff's sciatica, Plaintiff walks with a cane. Despite Plaintiff's disability, Plaintiff alleges he has performed his duties for Defendants to an exemplary level.

On April 8, 2024, Plaintiff suffered a flare-up of his Sciatica, causing extreme pain and discomfort while at work. He believes the stressful nature of his employment with Defendants contributed at least in part to the flare-up of Plaintiff's disability.

Following the flare-up of Plaintiff's disability, Plaintiff visited his treating physician for evaluation on April 9, 2024. Plaintiff's treating physician recommended that Plaintiff could return to work on light duty as soon as April 12, 2024. Specifically, Dr. Baskir recommended that Plaintiff could not drive due to his disability but could perform cleaning and custodial duties. Cleaning and driving were regular parts of Plaintiff's work performance duties. These duties required Plaintiff to sit, stand, and work with his hands regularly such that it exacerbated the symptoms of his disability.

As a result of Plaintiff's physician visit, he turned in his doctor's note with requested accommodations to the Defendants. Instead of engaging with Plaintiff in an interactive dialogue to determine what accommodations Plaintiff could work with, Defendants immediately reacted with hostility to Plaintiff's request for his accommodations for his serious health condition and disability. Specifically, Defendants sent Plaintiff home after he provided notice of his request for an accommodation. Further, Defendants placed Plaintiff on indefinite leave until Plaintiff agreed to return to work without accommodations.

Following this, Plaintiff requested a grievance committee with Defendants Luckett and Jude to address his work status. On April 23, 2024, Plaintiff attended the grievance committee meeting with Defendants Luckett and Jude. Plaintiff was

3

accompanied to the April 23, 2024, grievance committee meeting with Defendants by a representative from Teamster Local 618 (the "Union") named Robert Phelps ("Phelps").

During the events of the grievance committee meeting, Plaintiff was asked to return to work without limitations despite his need for a reasonable accommodation to tend to his disability. Plaintiff was assured that he would be able to return to work shortly after the meeting but has nonetheless remained on indefinite leave.

Plaintiff was effectively prevented from working because of the existence of his disability and his request for reasonable accommodations.

## Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When analyzing a motion to dismiss, "a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014). However, courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Glick*

*v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). The complaint must allege sufficient facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (citing 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216 at 235 236 (3d ed. 2004)). "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## Discussion

**Count I-FMLA**

Defendants Luckett and Jude, the Individual Defendants, argue Plaintiff has failed to plead sufficient facts about them to state a claim against them. and therefore, they should be dismissed from Plaintiff's FMLA claim.

In *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir.2002), the Eighth Circuit held that the FMLA imposes individual liability on public officials acting in supervisory capacities. As noted by the Eighth Circuit in *Darby*, the FMLA's definition of "employer" includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." *Darby*, 287 F.3d at 680–81(citing 29 U.S.C. § 2611(4)(A)(ii)(I)). According to *Darby*, the plain language of

5

the statute decided the issue of individual liability. *Id*. at 681*; Ebersole v. Novo Nordisk, Inc.*, No. 1:11CV25 SNLJ, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011) ("Indeed, the Eighth Circuit has recognized that the FLMA provides for individual liability in keeping with the plain language of the statute, which states that an "employer" is defined as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer [.]" 29 U.S.C. § 2611(4)(A)(ii)(I). *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir.2002)).

The Court finds Plaintiff has alleged sufficient facts to maintain his FMLA claims against the Individual Defendants. The Eighth Circuit's decision in *Darby* authorizes individual liability under the FMLA. Plaintiff alleges on information and belief that the Individual Defendants had managerial/supervisory duties over him, including hiring and firing. He further alleges they were at the grievance meeting. *Troupe v. Young*, No. 24-1036, 2025 WL 1910566, at *10 (8th Cir. July 11, 2025)("The district court dismissed the claim against Doucette because "[Troupe] ha[d] not met [the] burden" to show "Doucette's supervisory liability as to Young." R. Doc. 70, at 13. However, Troupe did plead "[o]n information and belief" that Doucette was "responsible for the guidance and supervision" of Young, including "review of [Young's] notes and records of interactions with patients and detainees." R. Doc. 29, at 22. Such information resides peculiarly in possession and control of

6

the defendants. Troupe's allegation upon information and belief, at the pleading stage, for the reasons given above suffices.").

Accordingly, this Court denies the Individual Defendants' Motion to in Dismiss as to Plaintiff's FMLA claims.

**Counts II and III-ADA**

Plaintiff's Counts II and III purport to impose personal liability on the Individual Defendants for alleged ADA violations. The ADA imposes liability on "employers," which "means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person...." 42 U.S.C. § 12111(5) (2009). The Individual Defendants seek dismissal of the ADA claims against them because they contend that definition does not include individuals.

The Eighth Circuit has not specifically ruled on whether individual liability exists under the ADA. However, in *Alsbrook v. City of Maumelle*, the Eighth Circuit held that Title II of the ADA does not permit individual liability, and that Court then observed that, with respect to Title I (the Title at issue here), "three [Circuits] have held that there is no liability under Title I against individuals who do not otherwise qualify as 'employers' under the statutory definition." 184 F.3d

7

999, 1005 n. 8 (8th Cir.1999). Moreover, this Court has repeatedly held that individuals are not liable under the ADA. See, e.g., *Ebersole v. Novo Nordisk, Inc.*, No. 1:11CV25 SNLJ, 2011 WL 6115655, at *1 (E.D. Mo. Dec. 8, 2011) *McCann v. New World Pasta Co.*, No. 4: 10cv1694–CDP, 2010 WL 4180717 (E.D.Mo., Oct.20, 2010); *Donnelly v. St. John's Mercy Medical Center*, No. 4:08cv347–CAS, 2008 WL 2699859 (E.D.Mo. June 30, 2008); *Stevenson v. Best Buy Corp.*, No. 4:03cv1188–RWS, 2005 WL 3434770 (E.D.Mo. Dec.14, 2005). Those decisions have been based on the fact that the ADA's definition of "employer" is practically identical to the definition of "employer" in two other federal statutes that address discrimination: the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 630(b), and Title VII, 42 U.S.C. § 2000e(b). It is well-settled in the Eighth Circuit that individuals are not subject to individual liability under Title VII of the Civil Rights Act of 1964, and longstanding precedent in this Court also holds that individuals are not liable under the ADEA. See *McCann*, 2010 WL 4180717, at *2 (citing *Roark v. City of Hazen*, 189 F.3d 758, 761 (8th Cir.1999) (Title VII); *Herrero v. St. Louis Univ. Hosp.*, 929 F.Supp. 1260, 1266 (E.D.Mo.1996) (Title VII and ADEA); *Griswold v. New Madrid County Group Practice, Inc.*, 920 F.Supp. 1046, 1047–48 (E.D.Mo.1996) (Title VII and ADEA).

**Count IV and V-MHRA**

The Individual Defendants also move to dismiss the MHRA Count, arguing, like the ADA, the MHRA, as amended, does not allow actions against individuals.

The MHRA defines "employer" as

> **"Employer"**, a person engaged in an industry affecting commerce who has six or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and shall include the state, or any political or civil subdivision thereof, or any person employing six or more persons within the state but does not include corporations and associations owned or operated by religious or sectarian organizations.

Mo. Ann. Stat. § 213.010(8).

The Individual Defendants are employees of Defendant SP Plus, as Plaintiff states in his Complaint. As such, they do not fall within the definition of "employer" under the MHRA.

## Conclusion

Based upon the foregoing, Plaintiff's Complaint states a FMLA claim against the Individual Defendants at the pleading stage. His Complaint, however, fails to state claims with regard to the ADA and the MHRA claims against the Individual Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, [Doc.

9

No. 21], is **GRANTED in part AND DENIED in part**

Dated this 16th day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE