**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ALBERT LEE MADISON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-231 HEA |
| | ) | |
| SP PLUS CORPORATION, GREGORY | ) | |
| LUCKETT and VICKY JUDE, | ) | |
| | ) | |
| Defendant. | ) | |

**CASE MANAGEMENT ORDER - TRACK 2: STANDARD**

This matter is before the Court following submission by the parties of a proposed joint scheduling plan.  Note: The Court's standard case management order has been substantially modified and counsel should read it carefully.  Counsel should refer to the Court's website, http://www.moed.uscourts.gov, for the Local Rules, CM/ECF Procedures Manual, Daily Docket, Forms, Courtroom Technology, Jury Plan, and Judge's Contact Information and Requirements, http://www.moed.uscourts.gov/sites/moed/files/judges/requirements/hea.pdf.

Pursuant to the Civil Justice Reform Act Expense and Delay Reduction Plan and the Differentiated Case Management Program of the United States District Court of the Eastern District of Missouri,

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

**I.    SCHEDULING PLAN**

1.  This case has been assigned to Track 2 (Standard).

2.  All motions for joinder of additional parties or amendment of pleadings shall be filed by **November 30, 2025** .  Motions for leave to amend must be accompanied by the proposed amended pleading.

3.  Disclosure shall proceed in the following manner:

(a)(i)  The parties shall make all disclosures required by Rule 26(a)(1), Fed. R. Civ. P., by **November 7, 2025** .

(a)(ii)  The Court will not consider general discovery objections.  All objections to written discovery must be stated with specificity, <u>see</u> Rules 33(b)(4), 34(b)(2)(B), Fed. R. Civ. P.  For document production, an objection must state whether any responsive materials are being withheld on the basis of the objection.  <u>See</u> Rule 34(b)(2)(C), Fed. R. Civ. P.

(a)(iii)  For assertions of privilege or work product, for each item of information or document withheld from production in response to a written discovery request, the withholding party must serve a privilege log on opposing counsel.  <u>See</u> Rule 26(b)(5)(A), Fed. R. Civ. P.  The privilege log must be served simultaneously with the response to the written discovery request in which the assertion of privilege or work product is made.

(b)  The presumptive limits of ten (10) depositions per side as set forth in Rule 30(a)(2)(A), Fed. R. Civ. P., and twenty-five (25) interrogatories per party as set forth in Rule 33(a), Fed. R. Civ. P., shall apply.

(c) Requests for physical or mental examinations of parties pursuant to Rule 35, Fed. R. Civ. P.,  are not anticipated.

(d)  The parties shall complete all discovery in this case by  **June 1, 2026** .  Discovery requests must be served sufficiently prior to this date to allow the full response time before the completion date.

(e)  Motions to compel shall be pursued in a diligent and timely manner, but in no event filed more than eleven (11) days following the discovery deadline set out above.

4.  This case shall be referred to alternative dispute resolution on **December 1, 2025** , and the referral shall terminate on **February 2, 2026** .

5.  Any motions to dismiss, motions for summary judgment, motions for judgment on the pleadings, and motions under <u>Daubert</u> must be filed by **June 1, 2026**  The time limits of Local Rules 4.01(B) and (C) apply to Rule 12 and <u>Daubert</u> motions.  For summary judgment motions, opposition briefs shall be filed by  **June 30, 2026** , or within 30 days of the filing of the motion, whichever is earlier; and any reply brief may be filed by  **July 7, 2026** , or within 14 days of the filing of the opposition, whichever is earlier.

The filing of a motion (including a discovery motion, motion for summary judgment, motion to dismiss, etc.) does not excuse the parties or their counsel from fully complying with this Order.

No later than twenty-one (21) days preceding the deadline for completion of discovery, any party may request **in a written motion** that the Court hold a supplemental conference to discuss issues of scheduling and management of the action.  **WHETHER TO GRANT SUCH A REQUEST IS A MATTER FOR THE COURT'S DISCRETION**.

## II.      ORDER RELATING TO TRIAL

This action is set for a **JURY** trial on  **November 30, 2026** , at 9:30 a.m.  This is a <u>one-week</u> docket.

Pursuant to Local Rule 8.04 the court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than fourteen (14) days prior to the date set for trial:**

1.      <u>**Stipulation**</u>**:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2.      <u>**Witnesses**</u>**:**

(a)      Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

(b)      Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3.      <u>**Exhibits**</u>**:**

(a)      Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed. R. Evid. 902(11) or 902(12).

(b)      Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed. R. Evid. 902(11) or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c)      Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing at least seven (7) days prior to trial may be considered waived.

3

**Exhibits, documents, video, and photos will be preserved through the Jury Evidence System(JES) for viewing by the jury upon their request for items of evidence during deliberations.  The JES will allow jurors to review evidence (documents, photos, and/or video exhibits) on a large LED touchscreen monitor in the jury room during deliberations.  If a request is made by the jury to review admitted exhibits, by using the JES, jurors can more closely view evidence, control playback of video evidence, and zoom in on photographic evidence as needed from the jury deliberation room.  Attorneys will be requested to provide digital copies to the Deputy Clerk of any exhibits that have been admitted during trial. The Clerk will then load the specified exhibits into the JES for jurors to have access to during deliberation.  Documents should be saved in Microsoft word format or PDF, photos should be saved as JPEG, and videos should be saved as WMV, or MP4.**

    4.    <u>**Depositions, Interrogatory Answers, and Request for Admissions**</u>**:**

    (a)    Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  At least seven (7) days before trial, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

    (b)    Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order.  Any objections not made as above required may be considered waived.

    **5.**    <u>**Instructions**</u>**:** Submit to the Court and to opposing counsel their written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions at least seven (7) days before trial in light of opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)  The parties shall prepare a USB flash drive with their instructions and shall have the flash drive available for any modifications of instructions.

    **6.**    <u>**Trial Brief**</u>**:** Submit to the Court and opposing counsel a trial brief stating the legal and factual issues and authorities relied on and discussing any anticipated substantive or procedural problems.

    **7.**    <u>**Motions in Limine**</u>**:** File all motions in limine to exclude evidence at least fourteen (14) days before trial.  Responses or objections to any motion in limine must be filed at least seven (7) days before trial.  Any response or objection not made as above required may be considered waived. <u>The Court will not consider any motion in limine unless it contains a statement that the movant's counsel has conferred *in person or by telephone* with opposing counsel in a good faith effort to resolve the dispute presented by the motion.</u>

4

**By presenting to the Court any pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – self-represented parties and attorneys acknowledge they will be held responsible for its contents, including any portion generated with artificial intelligence. See Fed. R. Civ. P. 11(b).**

**Failure to comply with any part of this Order may result in the imposition of sanctions, including but not limited to dismissal of the action, entry of a default judgment, or restrictions on the admissibility of evidence.  See Local Rule 5.04.**

Dated this 15th  day of October, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE