# EXHIBIT 1

## Alex J. Levin

| | |
|---|---|
| **From:** | Alex J. Levin |
| **Sent:** | Friday, November 7, 2025 11:38 AM |
| **To:** | Emanuel Kataev; 'Meir Rubinov' |
| **Cc:** | David A. Moore |
| **Subject:** | Re: Madison v. SP Plus LLC Discovery Requests |
| **Attachments:** | Def First Set of IROGs.pdf; Def First Set of RFPs.pdf; Defendant Certificate of Service.pdf; Defendants 26a1 Initial Disclosures.pdf |

Emanuel and Meir:

Please find attached the following documents:

1. Defendant's Rule 26(a)(1) Initial Disclosures;
2. Defendant's First Set of Interrogatories Directed at Albert Lee Madison; and
3. Defendant's First Set of Requests for Production of Documents Directed at Albert Lee Madison.



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.



**EXHIBIT 2**

## Alex J. Levin

| | |
|---|---|
| **From:** | Alex J. Levin |
| **Sent:** | Tuesday, December 9, 2025 3:43 PM |
| **To:** | Emanuel Kataev |
| **Cc:** | David A. Moore; Mia Kristensen |
| **Subject:** | Re: Madison v. SP Plus - Discovery Responses/Status Report |

Emanuel:

This is to confirm our conversation today. We have reached out to Judge Brown for dates and will provide you with the finalized report for filing as you are the designated lead counsel.

Also, we have granted your request for an extension of time to answer our discovery requests. The responses will be due January 9, 2026.



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

# EXHIBIT 3

## Alex J. Levin

**From:**       Alex J. Levin
**Sent:**       Monday, January 19, 2026 9:24 AM
**To:**         'Emanuel Kataev'; David A. Moore
**Cc:**         'Mia Kristensen'; 'Irina Iakovleva'; 'Alivia Cooney'; 'Jonathan Krikheli'
**Subject:**    RE: Madison v. SP Plus LLC Discovery Requests


Emanuel:

Our office served you our initial discovery requests on November 7 of last year. You requested an extension to January 9 of this year, which we granted. You then requested a second extension to January 16 which was also granted. It is now January 19 and we have not received the discovery responses. Please let us know when we can expect to received the responses as soon as possible. Thank you.



**Alex J. Le vin** | Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800

d: (312) 494-5380

alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400 , Chicago , IL  60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Alex J. Levin
**Sent:** Monday, January 5, 2026 3:00 PM
**To:** 'Emanuel Kataev' <emanuel@sagelegal.nyc>; David A. Moore <dmoore@lanerlaw.com>
**Cc:** Mia Kristensen <mkristensen@consumerattorneys.com>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>
**Subject:** RE: Madison v. SP Plus LLC Discovery Requests

A 1 week extension is fine.



**Alex J. Le** | Of Couns
**vin** el

*Laner Muchin, Lt d.*

t: (312) 467-9800

d: (312) 494-5380

alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2 , Chicag , I 6065
400                          o      L 4

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Sent:** Monday, January 5, 2026 2:58 PM
**To:** Alex J. Levin <alevin@lanerlaw.com>; David A. Moore <dmoore@lanerlaw.com>
**Cc:** Mia Kristensen <mkristensen@consumerattorneys.com>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>
**Subject:** RE: Madison v. SP Plus LLC Discovery Requests

**EXTERNAL SENDER**

Yes, please; here is my week currently as set forth in an extension request in another case –

Defendants' undersigned counsel is engaged out of the office every day this week, with: (i) an appearance on a motion for a preliminary injunction on Monday, January 5, 2026; (ii) an appearance on a motion before the Second Circuit on Tuesday, January 6, 2026 in the morning; (iii) an inquest in the Supreme Court of the State of New York, Queens County on Tuesday, January 6, 2026 in the afternoon; (iv) a virtual deposition on Wednesday, January 7, 2026; and (v) an in-person deposition on Thursday, January 8, 2026.

January 16, 2026 is therefore the date we need as we have prepared our responses but need a meeting with the client to finalize.

Thanks and best,

2

 

## Emanuel Kataev, Esq.

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT

| | | |
|---|---|---|
| (718) 412-2421 (office) | 1411 Broadway, 29th Floor | 45 Glen Cove Road, 2nd Floor |
| (718) 489-4155 (facsimile) | New York, NY 10018-1976 | Greenvale, NY 11548-1057 |
| (917) 807-7819 (cellular) | | |
| emanuel@sagelegal.nyc | 173 54th Street | 1981 Marcus Avenue, Suite C129 |
| | Brooklyn, NY 11220-2505 | New Hyde Park, NY 11042-1017 |

| |
|---|
| 1515 Old Northern Boulevard |
| Roslyn, NY 11576-1127 |
| 162 Broadway, 2nd Floor |
| Amityville, NY 11701-2704 |

| |
|---|
| 18211 Jamaica Avenue |
| Jamaica, NY 11423-2327 |
| 6829 Main Street, |
| Flushing, NY 11367 |

---

**From:** Alex J. Levin <alevin@lanerlaw.com>
**Sent:** Monday, December 29, 2025 3:43 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** Mia Kristensen <mkristensen@consumerattorneys.com>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; David A. Moore <dmoore@lanerlaw.com>
**Subject:** RE: Madison v. SP Plus LLC Discovery Requests

> **Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

As we have already granted an extension to January 9, am I understanding you are seeking an additional week?

---

**From:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Sent:** Monday, December 29, 2025 2:41 PM
**To:** Alex J. Levin <alevin@lanerlaw.com>
**Cc:** Mia Kristensen <mkristensen@consumerattorneys.com>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>
**Subject:** RE: Madison v. SP Plus LLC Discovery Requests

## EXTERNAL SENDER

---

Alex:

Plaintiff seeks twenty-one (21) days from today to send discovery responses.  Please let me know whether Defendant consents.

Thanks,





# Emanuel Kataev, Esq.

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT

(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)

emanuel@sagelegal.nyc

1411 Broadway, 29th Floor
New York, NY 10018-1976

173 54th Street
Brooklyn, NY 11220-2505

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

18211 Jamaica Avenue
Jamaica, NY 11423-2327

6829 Main Street,
Flushing, NY 11367

---

**From:** Alex J. Levin <alevin@lanerlaw.com>
**Sent:** Friday, November 7, 2025 12:38 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>; 'Meir Rubinov' <mrubinov@consumerattorneys.com>
**Cc:** David A. Moore <dmoore@lanerlaw.com>
**Subject:** Re: Madison v. SP Plus LLC Discovery Requests

> **Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

---

Emanuel and Meir:

Please find attached the following documents:

1. Defendant's Rule 26(a)(1) Initial Disclosures;
2. Defendant's First Set of Interrogatories Directed at Albert Lee Madison; and
3. Defendant's First Set of Requests for Production of Documents Directed at Albert Lee Madison.



**Alex J. Levin |** Of Counsel
*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any

taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.



**EXHIBIT 4**

**Alex J. Levin**

---

| | |
|---|---|
| **From:** | Emanuel Kataev <emanuel@sagelegal.nyc> |
| **Sent:** | Monday, January 19, 2026 11:54 AM |
| **To:** | Alex J. Levin; David A. Moore |
| **Cc:** | Mia Kristensen; Irina Iakovleva; Alivia Cooney; Jonathan Krikheli |
| **Subject:** | RE: Madison v. SP Plus LLC Discovery Requests |

---

**EXTERNAL SENDER**

---

Alex:

Our responses have been prepared since December 30, 2025.  We have not yet had an opportunity to meet with the client to finalize.  This is in part due to a busy deposition schedule in Superb Motors Inc, *et al.* v. Deo, *et al.*; Case No.: 2:23-cv-6188 (JMW), ECF Docket Entry 363 and Text Only Order dated December 19, 2025 (" the Court adopts the deposition schedule proposed at ECF No. 363. These deposition dates are final and shall not be changed without leave from the Court").  Last week, after the January 12, 2026 deposition, I had another deposition that went from 10:00 AM to 8:00 PM, two (2) court appearances on Wednesday on opposite ends of Long Island in New York, two (2) court appearances in the EDNY before Judge Locke as well as approximately four (4) other virtual court appearances, and a hearing on Friday morning through the early afternoon on Friday before the Supreme Court of the State of New York, Nassau County.  My team is working on scheduling a meeting with the client for tomorrow to finalize.  We ask until Friday as a final extension.

Thanks,

 

**Emanuel Kataev, Esq.**

ADMITTED IN NEW YORK, NEW JERSEY, AND CONNECTICUT

| | | | |
|---|---|---|---|
| (718) 412-2421 (office)<br>(718) 489-4155 (facsimile)<br>(917) 807-7819 (cellular)<br><br>emanuel@sagelegal.nyc | 1411 Broadway, 29th Floor<br>New York, NY 10018-1976<br><br>173 54th Street<br>Brooklyn, NY 11220-2505 | 45 Glen Cove Road, 2nd Floor<br>Greenvale, NY 11548-1057<br><br>1981 Marcus Avenue, Suite C129<br>New Hyde Park, NY 11042-1017 | 1515 Old Northern Boulevard<br>Roslyn, NY 11576-1127<br><br>162 Broadway, 2nd Floor<br>Amityville, NY 11701-2704 | 18211 Jamaica Avenue<br>Jamaica, NY 11423-2327<br><br>6829 Main Street,<br>Flushing, NY 11367 |

---

**From:** Alex J. Levin <alevin@lanerlaw.com>
**Sent:** Monday, January 19, 2026 10:24 AM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>; David A. Moore <dmoore@lanerlaw.com>
**Cc:** Mia Kristensen <mkristensen@consumerattorneys.com>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>
**Subject:** RE: Madison v. SP Plus LLC Discovery Requests

1

**Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

Emanuel:

Our office served you our initial discovery requests on November 7 of last year. You requested an extension to January 9 of this year, which we granted. You then requested a second extension to January 16 which was also granted. It is now January 19 and we have not received the discovery responses. Please let us know when we can expect to received the responses as soon as possible. Thank you.



**Alex J. Levin**    | Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800

d: (312) 494-5380

alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400      , Chicago  , I L  60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Alex J. Levin
**Sent:** Monday, January 5, 2026 3:00 PM
**To:** 'Emanuel Kataev' <emanuel@sagelegal.nyc>; David A. Moore <dmoore@lanerlaw.com>
**Cc:** Mia Kristensen <mkristensen@consumerattorneys.com>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>
**Subject:** RE: Madison v. SP Plus LLC Discovery Requests

A 1 week extension is fine.

**Alex J. Levin** | Of Counsel

*Laner Muchin, Ltd.*

t: (312) 467-9800

d: (312) 494-5380

alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Sent:** Monday, January 5, 2026 2:58 PM
**To:** Alex J. Levin <alevin@lanerlaw.com>; David A. Moore <dmoore@lanerlaw.com>
**Cc:** Mia Kristensen <mkristensen@consumerattorneys.com>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>
**Subject:** RE: Madison v. SP Plus LLC Discovery Requests

**EXTERNAL SENDER**

Yes, please; here is my week currently as set forth in an extension request in another case –

Defendants' undersigned counsel is engaged out of the office every day this week, with: (i) an appearance on a motion for a preliminary injunction on Monday, January 5, 2026; (ii) an appearance on a motion before the Second Circuit on Tuesday, January 6, 2026 in the morning; (iii) an inquest in the Supreme Court of the State of New York, Queens County on Tuesday, January 6, 2026 in the afternoon; (iv) a virtual deposition on Wednesday, January 7, 2026; and (v) an in-person deposition on Thursday, January 8, 2026.

January 16, 2026 is therefore the date we need as we have prepared our responses but need a meeting with the client to finalize.

Thanks and best,





## Emanuel Kataev, Esq.

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT

| | | |
|---|---|---|
| (718) 412-2421 (office) | 1411 Broadway, 29th Floor | 45 Glen Cove Road, 2nd Floor | 1515 Old Northern Boulevard | 18211 Jamaica Avenue |
| (718) 489-4155 (facsimile) | New York, NY 10018-1976 | Greenvale, NY 11548-1057 | Roslyn, NY 11576-1127 | Jamaica, NY 11423-2327 |
| (917) 807-7819 (cellular) | | | | |
| emanuel@sagelegal.nyc | 173 54th Street | 1981 Marcus Avenue, Suite C129 | 162 Broadway, 2nd Floor | 6829 Main Street, |
| | Brooklyn, NY 11220-2505 | New Hyde Park, NY 11042-1017 | Amityville, NY 11701-2704 | Flushing, NY 11367 |

---

**From:** Alex J. Levin <alevin@lanerlaw.com>
**Sent:** Monday, December 29, 2025 3:43 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** Mia Kristensen <mkristensen@consumerattorneys.com>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; David A. Moore <dmoore@lanerlaw.com>
**Subject:** RE: Madison v. SP Plus LLC Discovery Requests

> **Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

As we have already granted an extension to January 9, am I understanding you are seeking an additional week?

---

**From:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Sent:** Monday, December 29, 2025 2:41 PM
**To:** Alex J. Levin <alevin@lanerlaw.com>
**Cc:** Mia Kristensen <mkristensen@consumerattorneys.com>; Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>
**Subject:** RE: Madison v. SP Plus LLC Discovery Requests

## EXTERNAL SENDER

---

Alex:

Plaintiff seeks twenty-one (21) days from today to send discovery responses.  Please let me know whether Defendant consents.

Thanks,



# Emanuel Kataev, Esq.

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT



📞 (718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)

✉ emanuel@sagelegal.nyc

📍 1411 Broadway, 29th Floor
New York, NY 10018-1976

📍 173 54th Street
Brooklyn, NY 11220-2505

📍 45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

📍 1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

📍 1515 Old Northern Boulevard
Roslyn, NY 11576-1127

📍 162 Broadway, 2nd Floor
Amityville, NY 11701-2704

📍 18211 Jamaica Avenue
Jamaica, NY 11423-2327

📍 6829 Main Street,
Flushing, NY 11367

---

**From:** Alex J. Levin <alevin@lanerlaw.com>
**Sent:** Friday, November 7, 2025 12:38 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>; 'Meir Rubinov' <mrubinov@consumerattorneys.com>
**Cc:** David A. Moore <dmoore@lanerlaw.com>
**Subject:** Re: Madison v. SP Plus LLC Discovery Requests

> **Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

---

Emanuel and Meir:

Please find attached the following documents:

1. Defendant's Rule 26(a)(1) Initial Disclosures;
2. Defendant's First Set of Interrogatories Directed at Albert Lee Madison; and
3. Defendant's First Set of Requests for Production of Documents Directed at Albert Lee Madison.



**Alex J. Levin |** Of Counsel
*Laner Muchin, Ltd.*

t: (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any

taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.



**EXHIBIT 5**

**Alex J. Levin**

| | |
|---|---|
| **From:** | Mia Kristensen <mkristensen@sagelegal.nyc> |
| **Sent:** | Thursday, January 22, 2026 1:08 PM |
| **To:** | Alex J. Levin; David A. Moore |
| **Cc:** | Irina Iakovleva; Alivia Cooney; Emanuel Kataev; Jonathan Krikheli |
| **Subject:** | Plaintiff's Responses to Defendant's First Set of Discovery Requests - Madison, Albert v. SP Plus Corporation, et al |
| **Attachments:** | Plaintiff's Responses and Objections to Requests For Production.pdf; Plaintiff's Responses and Objections to Interrogatories.pdf |

**EXTERNAL SENDER**

Counsel,

Please find attached Plaintiff's Responses to Defendant's First Set of Discovery Requests.
Please see here document production (P1-416): https://www.dropbox.com/scl/fi/yqg0ihxo7wtm8ecgj25cc/P1-P416.pdf?rlkey=a1oth4x2384qvj5hsiionghjm&st=qsfyj90c&dl=0

Sincerely,



**Mia Kristensen, Legal Assistant**

mkristensen@sagelegal.nyc

(718) 301-6334

| | | | |
|---|---|---|---|
| 1411 Broadway, 29th Floor New York, NY 10018-1976 | 45 Glen Cove Road, 2nd Floor Greenvale, NY 11548-1057 | 1515 Old Northern Boulevard Roslyn, NY 11576-1127 | 18211 Jamaica Avenue Jamaica, NY 11423-2327 |
| 173 54th Street Brooklyn, NY 11220-2505 | 1981 Marcus Avenue, Suite C129 New Hyde Park, NY 11042-1017 | 162 Broadway, 2nd Floor Amityville, NY 11701-2704 | 6829 Main Street, Flushing, NY 11367 |

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ALBERT LEE MADISON,<br><br>Plaintiff,<br><br>v.<br><br>SP PLUS CORPORATION, GREGORY LUCKETT, and VICKY JUDE,<br><br>Defendants. | Case No.: 4:25-cv-231 (HEA)<br><br>**PLAINTIFF'S RESPONSES & OBJECTIONS TO DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

**GENERAL OBJECTIONS**

Plaintiff's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Plaintiff's General Objections shall not be deemed a waiver of these objections.

1.     The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2.     The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3.     The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4.     The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5.      Plaintiff objects to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In addition, the demands are overboard to the extent that they cover time periods not relevant to the instant litigation.

6.      Plaintiff objects to Defendants' demands to the extent they are so overboard that they impose an undue burden.

7.      Plaintiff objects to Defendants' demands to the extent they are unreasonably vague and/or ambiguous.

8.      Plaintiff objects to Defendants' demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9.      Plaintiff objects to Defendants' demands to the extent they seek personal or confidential information.

10.     The following responses are given without prejudice to Plaintiff's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained.  When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11.     Plaintiff objects to Defendants' demands to the extent they assume facts that have not been established.  Plaintiff specifically reserves the right to object to the factual assumption made in these demands.

12.     Plaintiff objects to Defendants' demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure (hereinafter referred to as the "Rules" or "Rule") and the local rules of this Court and (ii) attempt to place obligations upon Plaintiff which are inconsistent with those rules.

13.     Plaintiff will respond to Defendants' demands in accordance with the applicable rules.

All of Plaintiff's answers are made subject to the above comments and qualifications.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All documents that Plaintiff identified in response to Defendants' First Set of Interrogatories.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their first production of documents Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 2:**

All documents to which Plaintiff referred or relied upon in responding to, or which relate to, Defendants' First Set of Interrogatories.

3

**RESPONSE TO REQUEST NO. 2:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their first production of documents Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 3:**

All documents that support, relate to, evidence, or refute in any manner the allegations in the Complaint, Plaintiff's request for damages, the information provided in Defendants' Answer, or information related to Defendants' Affirmative Defenses, as well as documents which have been provided or may or will be provided to any witness who may or will be called to testify on Plaintiff's behalf during discovery or at trial or any evidentiary hearing in this matter

**RESPONSE TO REQUEST NO. 3:**

Plaintiff objects to this demand to the extent that it is premature, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, requires speculation, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their first production of documents Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

4

**REQUEST FOR PRODUCTION NO. 4:**

All documents reviewed, relied upon, or used in developing or preparing the Complaint.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff objects to this demand to the extent that it is premature, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, requires speculation, duplicative of Request No. 3, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their first production of documents Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents relating to the Charge of Discrimination filed by Plaintiff with the Missouri Department of Human Rights ("MDHR") and/or Equal Employment Opportunity Commission ("EEOC") including, the charges, position statements, correspondence with investigators, responses to requests for information, investigation reports, dismissals, etc. by the court or agency, if any.

**RESPONSE TO REQUEST NO. 5:**

Plaintiff objects to this demand to the extent that it is premature, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their first production of documents Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as

additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents relating to any lawsuit, bankruptcy proceeding, complaint or agency charge filed by or filed against Plaintiff, other than the Complaint in this action and related Charge of Discrimination filed with the MDHR and EEOC, including, but not limited to, the complaint or charge (including, the answer and any dispositive motions, response briefs or reply brief, and/or any other briefs), or orders by the court or agency, if any.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their first production of documents Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning statements, affidavits, and/or declarations Plaintiff or Plaintiff's counsel have obtained from any witness or person in this action, including but not limited to statements, affidavits, or declarations of employees and/or independent contractors of Defendant, including all drafts, notes, and other documents used to prepare such statements, affidavits, and declarations, as well as all audio or video recordings and/or transcripts of such statements, affidavits, and declarations.

6

**RESPONSE TO REQUEST NO. 7:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their first production of documents Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 8:**

All emails, letters, audio recordings, text messages, or other forms of communication between Plaintiff and any current or former employee of Defendant relating to Plaintiff's internal complaints, job performance, discipline, separation, accommodation requests, or any other matter pertaining to Plaintiff's employment with Defendant, or allegations against Defendants in the Complaint.

**RESPONSE TO REQUEST NO. 8:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their first production of documents Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 9:**

All personal notes of conversations between Plaintiff and any current or former employee of Defendant relating to Plaintiff's internal complaints, job performance, discipline, separation, accommodation requests, any other matter pertaining to Plaintiff's employment with Defendant, or allegations against Defendants in the Complaint.

**RESPONSE TO REQUEST NO. 9:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and is duplicative of Request No. 8. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their first production of documents Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 10:**

All documents relating to Plaintiff's employment with Defendant, including, but not limited to, job application materials, job descriptions, terms of employment, disciplinary documents, time records, paycheck stubs, W-2 or 1099 Statements, documents relating to any benefits Plaintiff received, employment policies, employee handbooks, and agreements and contracts, if any.

**RESPONSE TO REQUEST NO. 10:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Plaintiff further objects to the extent the Request seeks private, sensitive, or confidential information, including personal financial information, and states that any such production would be subject to appropriate confidentiality protections under

8

Rule 26(c). Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their first production of documents Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents, including but not limited to personal notes, memoranda, calendars, diaries or written documentation maintained, prepared or collected by or for Plaintiff, relating to Plaintiff's job performance, discipline, discharge, accommodation requests, or any other matter pertaining to Plaintiff's employment with Defendant, or Plaintiff's allegations against Defendants in the Complaint.

**RESPONSE TO REQUEST NO. 11:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, is duplicative of Request Nos. 8 and 9. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their first production of documents Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 12:**

All documents supporting or refuting Defendants' reasons for Plaintiff on leave.

**RESPONSE TO REQUEST NO. 12:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not

relevant and proportional to the needs of the case, duplicative of Request Nos. 8, 9, 10, and 11.

Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers

Defendants to their first production of documents Bates stamped P1-P416. Plaintiff reserves the

right to supplement these responses as additional responsive documents may be discovered

pursuant to Plaintiff's continuing obligations, and will state whether any documents are being

withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 13:**

All documents that support any of the damages that Plaintiff is seeking in this lawsuit.

**RESPONSE TO REQUEST NO. 13:**

Plaintiff objects to this demand to the extent that it is vague, overly broad, unduly burdensome,

not relevant and proportional to the needs of the case, duplicative of all other Requests, and seeks

documents protected by the attorney-client privilege and/or work product doctrine. Plaintiff further

objects to the extent the Request seeks private, sensitive, or confidential information, including

personal financial information, and states that any such production would be subject to appropriate

confidentiality protections under Rule 26(c). Notwithstanding and without waiving the foregoing

general and specific objections, Plaintiff refers Defendants to their first production of documents

Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as additional

responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will

state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 14:**

All of Plaintiff's federal and state income tax returns, IRS Form W-2 or 1099 statements, and bank

statements for the calendar years 2021 through the present.

10

**RESPONSE TO REQUEST NO. 14:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and duplicative of Request No. 10. Plaintiff further objects to the extent the Request seeks private, sensitive, or confidential information, including personal financial information, and states that any such production would be subject to appropriate confidentiality protections under Rule 26(c).

**REQUEST FOR PRODUCTION NO. 15:**

All documents relating to Plaintiff's efforts, if any, to find employment at any employer after Plaintiff's alleged suspension from Defendant to the present day, including but not limited to:

A.  All documents sent to or received from any prospective employer by Plaintiff;

B.  All documents sent to or received from any employment service, agency, union or other entity and/or individual(s) or website which may have assisted Plaintiff in seeking employment;

C.  All resumes or other documents reflecting Plaintiff's skills and/or job history and/or references used in an effort to obtain employment;

D.  All applications submitted to any prospective employer;

**RESPONSE TO REQUEST NO. 15:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff is not in possession, custody, or control of any responsive documents. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

11

**REQUEST FOR PRODUCTION NO. 16:**

All records of potential employers whom plaintiff contacted or attempted to contact and documents relating to job offers and compensation and benefits offered by any prospective employer to plaintiff. All documents reflecting Plaintiff's employment status from Plaintiff's separation of employment from Defendant to the present, including offer letters, employment contracts, promotions, etc., and all documents referring or relating to all compensation and benefits Plaintiff has received or which Plaintiff is entitled to receive as a result of such subsequent employment (including self-employment), including paystubs, benefit plan descriptions, bonus payments, and any other related compensation.

**RESPONSE TO REQUEST NO. 16:**

Plaintiff objects to this demand to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and duplicative of Request No. 15. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff is not in possession, custody, or control of any responsive documents. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 17:**

All documents relating to any other source of income or benefits Plaintiff has received from the date of Plaintiff's separation from employment with Defendant to the present, including, but not limited to:

    A.  unemployment compensation records;

    B.  disability benefits records;

C. social security records;

D. records of gifts, donations or support of any other kind;

E. records of income Plaintiff received through any enterprise of which Plaintiff is or was an owner or part owner; or

F. records of income from self-employment.

**RESPONSE TO REQUEST NO. 17:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Plaintiff further objects to the extent the Request seeks private, sensitive, or confidential information, including personal financial information, and states that any such production would be subject to appropriate confidentiality protections under Rule 26(c).

**REQUEST FOR PRODUCTION NO. 18:**

Plaintiff's most recent curriculum vitae and/or resume.

**RESPONSE TO REQUEST NO. 18:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff will produce non-privileged documents responsive to this request that are in Plaintiff's possession, custody, or control. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents that support Plaintiff's claim in his Complaint that:

13

A.  Defendants discriminated against Plaintiff because of his disability;

B.  Other employees of Defendant whom Plaintiff asserts were similarly situated but treated differently due to their disability;

C.  Defendants retaliated against Plaintiff because he did something to assert alleged rights that were protected by the law;

D.  Other employees of Defendant whom Plaintiff asserts were similarly situated but treated differently due to their participation or non-participation in protected activities;

**RESPONSE TO REQUEST NO. 19:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the attorney-client privilege and/or work product doctrine. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their initial production of documents Bates stamped P1-P416. Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents relating to medical care and/or treatment that Plaintiff has sought out for alleged physical and/or emotional/mental injury resulting from Defendants' alleged actions set forth in the Complaint.

**RESPONSE TO REQUEST NO. 20:**

Plaintiff objects to this demand to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of the case, and seeks documents protected by the psychotherapist-patient privilege, doctor-patient privilege, attorney-client privilege, and/or work

14

product doctrine. Plaintiff further objects to the extent the Request seeks private, sensitive, or confidential information, including personal and medical information, and states that any such production would be subject to appropriate confidentiality protections under Rule 26(c). Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their initial production of documents Bates stamped P1-P416.  Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents that relate to your ability to perform the essential functions of your job with Defendant with or without reasonable accommodations.

**RESPONSE TO REQUEST NO. 21:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their initial production of documents Bates stamped P1-P416.  Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents that relate to any reasonable accommodation requests you made to Defendants and/or Defendants' third-party carrier.

**RESPONSE TO REQUEST NO. 22:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not

15

relevant and proportional to the needs of the case, and seeks documents protected by the psychotherapist-patient privilege and doctor-patient privilege. Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their initial production of documents Bates stamped P1-P416.  Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all documents that relate to your diagnosis and/or treatment for the impairment you claim to be a disability for purposes of your discrimination claims.

**RESPONSE TO REQUEST NO. 23:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, duplicative of Request No. 20, and seeks documents protected by the psychotherapist-patient privilege and doctor-patient privilege. Plaintiff further objects to the extent the Request seeks private, sensitive, or confidential information, including personal and medical information, and states that any such production would be subject to appropriate confidentiality protections under Rule 26(c). Notwithstanding and without waiving the foregoing general and specific objections, Plaintiff refers Defendants to their initial production of documents Bates stamped P1-P416.  Plaintiff reserves the right to supplement these responses as additional responsive documents may be discovered pursuant to Plaintiff's continuing obligations, and will state whether any documents are being withheld on the basis of their objections.

16

**REQUEST FOR PRODUCTION NO. 24:**

Please complete and execute the attached HIPAA release authorizing Defendants to subpoena medical records that may be relevant to this matter.

**RESPONSE TO REQUEST NO. 24:**

Plaintiff objects to this demand to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of the case, duplicative of Request Nos. 20 and 23, and seeks documents protected by the psychotherapist-patient privilege and doctor-patient privilege. Plaintiff further objects to the extent the Request seeks private, sensitive, or confidential information, including personal and medical information, and states that any such production would be subject to appropriate confidentiality protections under Rule 26(c). Plaintiff further objects that Defendants' Authorization request is outside of the scope of Rule 34.

Dated:    Jamaica, New York
           January 21, 2026                  Respectfully submitted,

**CONSUMER ATTORNEYS PLLC**

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
*Admitted pro hac vice*
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

Meir Rubinov, Bar #6077887NY
6829 Main Street
Flushing NY 11367
T: 718-640-8123
F: (718) 715-1750
E: mrubinov@consumerattorneys.com

*Attorneys for Plaintiff*
*Albert Lee Madison*

17

**CERTIFICATE OF SERVICE**

I hereby certify that on January 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Emanuel Kataev, Esq.*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ALBERT LEE MADISON,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SP PLUS CORPORATION, GREGORY LUCKETT, and VICKY JUDE,<br><br>　　　　　Defendants. | Case No.: 4:25-cv-231 (HEA)<br><br><br>**PLAINTIFF'S RESPONSES & OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES** |

**GENERAL OBJECTIONS**

Plaintiff's responses are subject to the specific General Objections set forth below, each of which is incorporated by reference into the responses to each interrogatory and document demand. The production of information encompassed within Plaintiff's General Objections shall not be deemed a waiver of these objections.

1.　　　The right to object as to competency, relevancy, materiality, privilege and general admissibility of the responses and the subject matter thereof as evidence for any purpose in any further proceeding in this action (including trial) and in any other action.

2.　　　The right to object to the use of any such responses, or the subject matter thereof, on any ground in any further proceeding of this action (including trial) and in any other action.

3.　　　The right at any time to revise, correct, add to, or clarify any of said answers set forth herein.

4.　　　The right to object on any ground at any time to a request for a further or supplemental response (including a further or supplemental production of documents).

5.　　　Plaintiff objects to these uniformly overbroad discovery demands to the extent that they seek information that is neither relevant nor reasonably calculated to lead to the discovery of

1

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

admissible evidence. In addition, the demands are overboard to the extent that they cover time periods not relevant to the instant litigation.

6.      Plaintiff objects to Defendant's demands to the extent they are so overboard that they impose an undue burden.

7.      Plaintiff objects to Defendant's demands to the extent they are unreasonably vague and ambiguous.

8.      Plaintiff objects to Defendant's demands to the extent they seek information that is confidential, proprietary, and/or protected from discovery by the attorney-client privilege, work product doctrine or self-critical analysis privilege.

9.      Plaintiff objects to Defendant's demands to the extent they seek personal or confidential information.

10.     The following responses are given without prejudice to Plaintiff's right to produce subsequently discovered information or to make appropriate changes in such responses if additional documents or information is obtained.  When, and if, such documents or information is obtained, these responses will be amended or supplemented.

11.     Plaintiff objects to Defendant's demands to the extent they assume facts that have not been established.  Plaintiff specifically reserves the right to object to the factual assumption made in these demands.

12.     Plaintiff objects to Defendant's demands to the extent that the demands (i) exceed the permissible scope of discovery established under the Federal Rules of Civil Procedure (the "Rules" or "Rule") and the local rules of this Court and (ii) attempt to place obligations upon Plaintiff which are inconsistent with those rules.  Plaintiff will respond to Defendant's demands in accordance with the applicable rules.

2

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

All of Plaintiff's answers are made subject to the above comments and qualifications.

## SPECIFIC INTERROGATORIES AND RESPONSES

**INTERROGATORY NO. 1 (10 interrogatories; 10 requests running total)**

Identify all individuals (full name, job title, employer/business, and work and personal addresses, telephone numbers, and email addresses), other than Plaintiff's attorneys, who provided Plaintiff any assistance in answering any of these interrogatories, designating which interrogatory or interrogatories that such person(s) assisted Plaintiff in answering as well as the nature of assistance that the individual provided to Plaintiff.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his Rule 26 Disclosures.**

**INTERROGATORY NO. 2 (10 interrogatories; 20 requests running total)**

Identify each person (full name, job title, employer/business, and work and personal addresses, telephone numbers, and email addresses) whom Plaintiff believes has knowledge regarding the allegations in the Complaint or defenses in Defendant's Answer, and for each person or witness, state in detail the information the person is believed to have, and the testimony expected to be elicited during discovery and/or at trial.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and requires speculation.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his Rule 26 Disclosures.**

3

**INTERROGATORY NO. 3 (18 interrogatories; 38 requests running total)**

Identify any expert witness (full name, job title, employer/business, and work and personal addresses, telephone numbers, and email addresses) Plaintiff may use at trial to present evidence under Federal Rule of Evidence 702 , 703 , or 705, a complete statement of all opinions the witness will express and the basis and reasons for them, the facts or data considered by the witness in forming them, any exhibits that will be used to summarize or support them, the witness's qualifications, including a list of all publications authored in the previous 10 years, a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition, and a statement of the compensation to be paid for the study and testimony in the case.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is premature, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, requires speculation, and seeks information protected by the attorney-client privilege and/or work product doctrine.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff has not identified any expert witness but reserves the right to do so in accordance with the Rules.**

**INTERROGATORY NO. 4 (16 interrogatories; 54 requests running total)**

Identify and describe each and every statement (oral, written, or in any way recorded) that Plaintiff has obtained from any person or source concerning Plaintiff's claims against Defendants or request for damages, including the full name, job title, employer/business, work and personal address,

4

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

telephone numbers, and email addresses of the person who gave the statement, the date the statement was obtained, and a copy of any such documents related to the statement.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his first production of documents.**

**INTERROGATORY NO. 5 (16 interrogatories; 70 requests running total)**

Identify each person (full name, job title, employer/business, and work and personal addresses, telephone numbers, and email addresses) with whom Plaintiff has discussed any of the claims, matters or issues in this case, and for each such person, describe in detail all such discussions (including date, location, whether written or oral, who said what, etc.), and identify any document relating to the discussion.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his Rule 26 Disclosures.**

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

**INTERROGATORY NO. 6 (2 interrogatories; 72 requests running total)**

Identify and describe all facts that Plaintiff believes support his allegation contained in his Complaint, that either the Corporate Defendant or the Individual Defendants "reacted with hostility to Plaintiff's request for reasonable accommodations for his serious health condition and disability" and state whether Plaintiff has documents, notes, or other writings concerning such facts that Plaintiff believes support this allegation.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information protected by the attorney-client privilege and/or work product doctrine.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Defendants refused to assist and said they could not help him.**

**INTERROGATORY NO. 7 (2 interrogatories; 74 requests running total)**

Identify and describe all facts that Plaintiff believes support his allegation contained in his Complaint, that either the Corporate Defendant or the Individual Defendants "placed Plaintiff on indefinite leave until Plaintiff agreed to return to work without accommodations" and state whether Plaintiff has documents, notes, or other writings concerning such facts that Plaintiff believes support this allegation.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information protected by the attorney-client privilege and/or work product doctrine.**

6

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his first production of documents.**

**INTERROGATORY NO. 8 (2 interrogatories; 76 requests running total)**

Identify and describe all facts that Plaintiff believes support his allegation contained in his Complaint, that "other employees of [the Corporate] Defendant were permitted to work with similar limitations that Plaintiff was requesting" and state whether Plaintiff has documents, notes, or other writings concerning such facts that Plaintiff believes support this allegation.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information protected by the attorney-client privilege and/or work product doctrine.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Will Johnson and Marcus (last name unknown).**

**INTERROGATORY NO. 9 (2 interrogatories; 78 requests running total)**

Identify and describe all facts that Plaintiff believes support his allegation contained in his Complaint, that "Plaintiff was ensured that he would be able to return to work shortly after the meeting" and state whether Plaintiff has documents, notes, or other writings concerning such facts that Plaintiff believes support this allegation.

7

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information protected by the attorney-client privilege and/or work product doctrine.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Vickie Jude made this statement at the April 23, 2024 grievance committee meeting.**

**INTERROGATORY NO. 10 (3 interrogatories; 81 requests running total)**

Identify all damages, injury or loss, and remedies that Plaintiff is seeking from Defendants for the allegations set forth in the Complaint and, with respect to any monetary damages, explain in detail how Plaintiff calculated such damages.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, requires speculation, and seeks information protected by the attorney-client privilege and/or work product doctrine.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his Rule 26 disclosures.**

8

**INTERROGATORY NO. 11 (4 interrogatories; 85 requests running total)**

Identify and describe all attempts Plaintiff has made to seek employment, including self-employment, since he alleges that the Corporate Defendant placed him on indefinite leave, including the date of each such attempt, the nature of each such attempt (i.e., telephone inquiry, mailed resume, interview, etc.), the person with whom Plaintiff sought employment and the result of Plaintiff's attempt.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **No; Plaintiff seeks reinstatement.**

**INTERROGATORY NO. 12 (8 interrogatories; 93 requests running total)**

To the extent Plaintiff has been employed, including self-employed, since he alleges that the Corporate Defendant placed him on indefinite leave, identify the name and address of Plaintiff's employer, her job title, the name of her supervisor, the date that he was employed, his salary and other benefits, and the compensation earned by Plaintiff since the start of his employment.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, and not relevant and proportional to the needs of this case. Plaintiff further objects to the extent this interrogatory seeks private, sensitive, and/or confidential information not necessary to mitigation, including financial information, and reserves the right to seek a protective order under Rule 26(c).**

9

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

- None.

**INTERROGATORY NO. 13 (11 interrogatories; 104 requests running total)**

If Plaintiff has been treated by a healthcare provider for alleged physical and/or emotional/mental injury resulting from acts or omissions by Defendants, identify each provider (full name, job title, employer/business, and work and personal addresses, telephone numbers, and email addresses), and the specific treatment Plaintiff received from each provider including, dates of treatment, nature of treatment, and all related documents. If Plaintiff does not claim any such physical or emotional/mental injury caused by Defendants, please so indicate.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and seeks information protected by the psychotherapist-patient privilege, doctor-patient privilege, attorney-client privilege, and/or work product doctrine. Plaintiff further objects to the extent this interrogatory seeks private, sensitive, and/or confidential information not necessary to mitigation, including medical information, and reserves the right to seek a protective order under Rule 26(c).**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

10

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

- **Plaintiff refers Defendants to his first production of documents.**

**INTERROGATORY NO. 14 (15 interrogatories; 119 requests running total)**

If during the ten (10) years prior to the events alleged in the Complaint, Plaintiff sought or received any treatment, diagnosis, counseling, therapy, or consultation from any healthcare provider, social worker, counselor, religious or spiritual advisor for any emotional distress, behavior problem or disorder, or any mental or psychological condition, identify each such person (full name, job title, employer/business, and work and personal addresses, telephone numbers, and email addresses), and the specific treatment, diagnosis, counseling, therapy or consultation Plaintiff received from each person including, but not limited to, its date and nature on each date, and all related documents.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, duplicative of Interrogatory No. 13, and seeks information protected by the psychotherapist-patient privilege, doctor-patient privilege, attorney-client privilege, and/or work product doctrine. Plaintiff further objects to the extent this interrogatory seeks private, sensitive, and/or confidential information not necessary to mitigation, including medical information, and reserves the right to seek a protective order under Rule 26(c).**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his first production of documents.**

11

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

**INTERROGATORY NO. 15 (10 interrogatories; 129 requests running total)**

Identify each healthcare provider (full name, job title, employer/business, and work and personal addresses, telephone numbers, and email addresses) Plaintiff has been treated by for the medical conditions requiring any leave or any accommodation, and the specific treatment Plaintiff received from each provider including, dates of treatment, nature of treatment, and all related documents.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, duplicative of Interrogatory Nos. 13 and 14, and seeks information protected by the psychotherapist-patient privilege, doctor-patient privilege, attorney-client privilege, and/or work product doctrine. Plaintiff further objects to the extent this interrogatory seeks private, sensitive, and/or confidential information not necessary to mitigation, including medical information, and reserves the right to seek a protective order under Rule 26(c).**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his first production of documents.**

**INTERROGATORY NO. 16 (4 interrogatories; 133 requests running total)**

Identify and describe in detail:

a) Your physical or mental impairment(s) that substantially limits one or more major life activities under the Americans with Disabilities Act ("ADA") and describe in detail the major life activities that are limited by your alleged impairment(s); and

12

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

b) The basis for your belief that you were qualified to perform the essential functions of your position with or without accommodations, including, but not limited to, the accommodation(s), if any, that you believe would have allowed you to perform the essential functions of the position.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, duplicative of Interrogatory Nos. 13, 14, and 15, requires speculation, and seeks information protected by the psychotherapist-patient privilege, doctor-patient privilege, attorney-client privilege, and/or work product doctrine. Plaintiff further objects to the extent this interrogatory seeks private, sensitive, and/or confidential information not necessary to mitigation, including medical information, and reserves the right to seek a protective order under Rule 26(c).**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his first production of documents.**

**INTERROGATORY NO. 17 (9 interrogatories; 142 requests running total)**

Identify and describe in detail any and all accommodations that you requested, attempted to request, and/or contemplated that you believe would have allowed you to remain employed with Defendant, including, but not limited to, (a) the date on which the accommodation request was made; (b) the specific accommodation requested; (c) to whom and how the accommodation request was made; (d) the details of the dialogue, if any, that followed the accommodation request; and (e) the result of the accommodation request.

13

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and requires speculation, all particularly with respect to those accommodations contemplated.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his first production of documents.**

**INTERROGATORY NO. 18 (4 interrogatories; 146 requests running total)**

Identify each statement or communication (including date, location, whether written or oral, who said what, etc.) that Plaintiff alleges constituted discrimination, harassment, or retaliation related to Plaintiff's disability or accommodation requests.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and requires speculation.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his complaint and first production of documents.**

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

**INTERROGATORY NO. 19 (4 interrogatories; 150 requests running total)**

Identify each statement or communication (including date, location, whether written or oral, who said what, etc.) that Plaintiff alleges constituted discrimination, harassment, or retaliation related to Plaintiff's FMLA leave.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, requires speculation, and is duplicative of Interrogatory No. 18.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his complaint and first production of documents.**

**INTERROGATORY NO. 20 (5 interrogatories; 155 requests running total)**

If Plaintiff alleges making an internal complaint or report to Defendant of alleged harassment, discrimination, or retaliation, describe the complaint or report in detail, including the date and the person to whom it was made, and identify all related statements (including date, location, whether written or oral, who said what, etc.).

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, requires speculation, and is duplicative of Interrogatory Nos. 6, 7, 16, 18, and 19.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

15

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his complaint and first production of documents.**

**INTERROGATORY NO. 21 (5 interrogatories; 160 requests running total)**

Describe in detail each act or omission, including but not limited to, any adverse employment action by Defendant that Plaintiff alleges was because of Plaintiff's disability (including date, place, person, specific act or omission, witnesses, etc.).

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, requires speculation, and is duplicative of Interrogatory Nos. 6, 7, 16, 18, 19, and 20.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his complaint and first production of documents.**

**INTERROGATORY NO. 22 (5 interrogatories; 165 requests running total)**

Describe in detail each act or omission, including but not limited to, any adverse employment action by Defendant that Plaintiff alleges because of Plaintiff's FMLA leave (including date, place, person, specific act or omission, witnesses, etc.).

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, requires speculation, and is duplicative of Interrogatory Nos. 6, 7, 16, 18, 19, 20, and 21.**

16

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff refers Defendants to his complaint and first production of documents.**

**INTERROGATORY NO. 23 (2 interrogatories; 167 requests running total)**

Identify each person, if any, whom you believe was similarly situated with you and was treated differently than you by Defendants due to your alleged disability and/or perceived disability, and/or your request for FMLA, and in your answer briefly summarize how you were treated differently.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, not relevant and proportional to the needs of this case, and requires speculation.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **See Response to Interrogatory No. 8.**

**INTERROGATORY NO. 24 (6 interrogatories; 173 requests running total)**

Other than the present action, identify and describe in detail any other legal action, including, but not limited to, charges, lawsuits, and/or bankruptcies, where you have been a party. With respect to each action, state the following information: (a) the case name; (b) the case number; (c) the names of the parties to the complaint and/or charge; (d) the venue of the complaint and/or charge;

17

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

(e) the subject matter of the complaint and/or charge; and (f) the outcome of the complaint and/or charge, if any.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it is overly broad, unduly burdensome, and not relevant and proportional to the needs of this case.**

**Plaintiff also objects to this interrogatory on the ground that Defendant has already served 25 interrogatories, the maximum number permitted under Rule 33(a)(1) without stipulation or leave of court. Accordingly, no response is required.**

**Subject to and without waiving the foregoing objections, Plaintiff responds as follows:**

- **Plaintiff has not been a party to any other lawsuit to the best of his knowledge.**

Dated:    Jamaica, New York
        January 21, 2026                Respectfully submitted,

                                   **CONSUMER ATTORNEYS PLLC**

                                   */s/ Emanuel Kataev, Esq.*
                                   Emanuel Kataev, Esq.
                                   *Admitted pro hac vice*
                                   6829 Main Street
                                   Flushing, NY 11367-1305
                                   (718) 412-2421 (office)
                                   (718) 489-4155 (facsimile)
                                   ekataev@consumerattorneys.com

                                   Meir Rubinov, Bar #6077887NY
                                   6829 Main Street
                                   Flushing, NY 11367-1305
                                   (718) 640-8123 (cellular)
                                   (718) 715-1750 (facsimile)
                                   mrubinov@consumerattorneys.com

                                   *Attorneys for Plaintiff*
                                   *Albert Lee Madison*

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

## <u>VERIFICATION</u>

I certify that the foregoing statements are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment. I also certify that the existence of other information responsive to Defendant's interrogatories is unknown to me; and that if other responsive information later become known or available, I shall serve them promptly on Defendant.

*Albert Madison*

_____

Albert Lee Madison

19

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2026, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Emanuel Kataev, Esq.*

Document Ref: KSM5V-L8DGK-RY7LO-QGZUI

# CERTIFICATE *of* SIGNATURE

REF. NUMBER
**KSM5V-L8DGK-RY7LO-QGZUI**

DOCUMENT COMPLETED BY ALL PARTIES ON
**22 JAN 2026 11:45:08
AMERICA/NEW YORK**

| SIGNER | TIMESTAMP | SIGNATURE |
|---|---|---|
| **ALBERT MADISON** | SENT **21 JAN 2026 10:05:11** | |
| EMAIL **EVERLYN53@YAHOO.COM** | VIEWED **21 JAN 2026 10:25:21** | *Albert Madison* |
| SHARED VIA **LINK** | SIGNED **22 JAN 2026 11:45:08** | IP ADDRESS **108.226.204.97** |
| | | LOCATION **ST LOUIS, UNITED STATES** |





**EXHIBIT
6**

**Alex J. Levin**

| | |
|---|---|
| **From:** | Mia Kristensen <mkristensen@sagelegal.nyc> |
| **Sent:** | Monday, February 2, 2026 3:18 PM |
| **To:** | Emanuel Kataev; Alex J. Levin; David A. Moore |
| **Cc:** | Irina Iakovleva; Alivia Cooney; Jonathan Krikheli |
| **Subject:** | Re: Plaintiff's Responses to Defendant's First Set of Discovery Requests - Madison, Albert v. SP Plus Corporation, et al |
| **Attachments:** | Albert Madison - Plaintiff's Initial Disclosure Statement.pdf |

**EXTERNAL SENDER**

Counselors,

Attached please find Plaintiff's Rule 26(a)(1) Initial Disclosure Statement.

Please confirm receipt of the attached. Copies will be sent via USPS mail upon request.

Sincerely,



CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

**From:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Sent:** Monday, February 2, 2026 4:12 PM
**To:** Alex J. Levin <alevin@lanerlaw.com>; Mia Kristensen <mkristensen@sagelegal.nyc>; David A. Moore <dmoore@lanerlaw.com>
**Cc:** Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>
**Subject:** RE: Plaintiff's Responses to Defendant's First Set of Discovery Requests - Madison, Albert v. SP Plus Corporation, et al

Alex:

You should receive the Rule 26 disclosures shortly.  Can you provide us with a deficiency letter to assist in the process?  We can meet-and-confer during down-time at the mediation on Wednesday if you prefer not to wait until after.

1

Thanks,

 

**Emanuel Kataev, Esq.**

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT

(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)

emanuel@sagelegal.nyc

1411 Broadway, 29th Floor
New York, NY 10018-1976

173 54th Street
Brooklyn, NY 11220-2505

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

18211 Jamaica Avenue
Jamaica, NY 11423-2327

6829 Main Street,
Flushing, NY 11367

**From:** Alex J. Levin <alevin@lanerlaw.com>
**Sent:** Monday, February 2, 2026 10:29 AM
**To:** Mia Kristensen <mkristensen@sagelegal.nyc>; David A. Moore <dmoore@lanerlaw.com>
**Cc:** Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Emanuel Kataev <emanuel@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>
**Subject:** RE: Plaintiff's Responses to Defendant's First Set of Discovery Requests - Madison, Albert v. SP Plus Corporation, et al

**Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

Emanuel:

Following up on the request for the 26(a)(1) Disclosures you cited in your discovery responses.

Furthermore, upon review of the responses in their entirety, I think it's necessary for us to have a conference to discuss what we view as deficiencies in your discovery responses. This call would only be necessary if Wednesday's mediation does not result in a resolution of all claims. Please let me know a tentative date we can schedule a call for.

Thank you for your time.



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Alex J. Levin
**Sent:** Monday, January 26, 2026 9:51 AM
**To:** 'Mia Kristensen' <mkristensen@sagelegal.nyc>; David A. Moore <dmoore@lanerlaw.com>
**Cc:** Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Emanuel Kataev <emanuel@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>
**Subject:** RE: Plaintiff's Responses to Defendant's First Set of Discovery Requests - Madison, Albert v. SP Plus Corporation, et al

Emanuel:

Upon reviewing these discovery responses, you make objections citing for us to see your initial disclosures, but we never received initial disclosures from you as far as I can tell. My records show that we sent you the interrogatory and document requests as well as our initial disclosures on November 7 but there is nothing from you. Can you please send another copy of your disclosures if I'm mistaken?



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and

cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Thursday, January 22, 2026 1:11 PM
**To:** Alex J. Levin <alevin@lanerlaw.com>; David A. Moore <dmoore@lanerlaw.com>
**Cc:** Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Emanuel Kataev <emanuel@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>
**Subject:** Re: Plaintiff's Responses to Defendant's First Set of Discovery Requests - Madison, Albert v. SP Plus Corporation, et al

**EXTERNAL SENDER**

Counsel,

Please find attached Plaintiff's Responses to Defendant's First Set of Discovery Requests.
Please see here document production (P1-416): https://www.dropbox.com/scl/fi/xo8ynhtkz9fccw4f0mg63/P1-P416-F.pdf?rlkey=x47keuh0jjf3yj2iqvueju3su&st=8lhteaue&dl=0

Sincerely,



**Mia Kristensen, Legal Assistant**

mkristensen@sagelegal.nyc

(718) 301-6334

1411 Broadway, 29th Floor New York, NY 10018-1976

45 Glen Cove Road, 2nd Floor Greenvale, NY 11548-1057

1515 Old Northern Boulevard Roslyn, NY 11576-1127

18211 Jamaica Avenue Jamaica, NY 11423-2327

173 54th Street Brooklyn, NY 11220-2505

1981 Marcus Avenue, Suite C129 New Hyde Park, NY 11042-1017

162 Broadway, 2nd Floor Amityville, NY 11701-2704

6829 Main Street, Flushing, NY 11367

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

**From:** Mia Kristensen <mkristensen@sagelegal.nyc>
**Sent:** Thursday, January 22, 2026 2:08 PM
**To:** Alex J. Levin <alevin@lanerlaw.com>; David A. Moore <dmoore@lanerlaw.com>
**Cc:** Irina Iakovleva <iiakovleva@consumerattorneys.com>; Alivia Cooney <alivia@sagelegal.nyc>; Emanuel Kataev <emanuel@sagelegal.nyc>; Jonathan Krikheli <ykrikheli@consumerattorneys.com>
**Subject:** Plaintiff's Responses to Defendant's First Set of Discovery Requests - Madison, Albert v. SP Plus Corporation, et al

Counsel,

4

Please find attached Plaintiff's Responses to Defendant's First Set of Discovery Requests.
Please see here document production (P1-416): https://www.dropbox.com/scl/fi/yqg0ihxo7wtm8ecgj25cc/P1-P416.pdf?rlkey=a1oth4x2384qvj5hsiionghjm&st=qsfyj90c&dl=0

Sincerely,



**Mia Kristensen, Legal Assistant**

mkristensen@sagelegal.nyc

(718) 301-6334

1411 Broadway, 29th Floor
New York, NY 10018-1976

45 Glen Cove Road, 2nd Floor
Greenvale, NY 11548-1057

1515 Old Northern Boulevard
Roslyn, NY 11576-1127

18211 Jamaica Avenue
Jamaica, NY 11423-2327

173 54th Street
Brooklyn, NY 11220-2505

1981 Marcus Avenue, Suite C129
New Hyde Park, NY 11042-1017

162 Broadway, 2nd Floor
Amityville, NY 11701-2704

6829 Main Street,
Flushing, NY 11367

CONFIDENTIALITY NOTICE: This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed, and it may contain information that is confidential, privileged, proprietary or otherwise exempt from disclosure under applicable law. If you are not the intended recipient, you are prohibited from copying, disclosing, distributing, disseminating or otherwise using this transmission in any way. If you have received this transmission in error, please immediately notify the sender and delete this transmission and all its attachments from your computer.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ALBERT LEE MADISON,<br><br>        Plaintiff,<br><br>v.<br><br><br>SP PLUS CORPORATION, GREGORY LUCKETT, and VICKY JUDE,<br><br>        Defendant. | Case No.: 4:25-cv-231 (HEA)<br><br>**PLAINTIFF'S INITIAL DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 26(a)(1)** |

Plaintiff Albert Lee Madison ("Plaintiff"), by counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), hereby submits his Initial Disclosures to Defendants SP Plus Corporation (hereinafter "SP Plus" or the "Corporate Defendant"), Gregory Luckett (hereinafter "Luckett") and Vicky Jude (hereinafter "Jude") (Luckett and Judge collectively hereinafter the "Individual Defendants") (the Corporate Defendant and Individual Defendants collectively the "Defendants"), This Disclosure Statement is by necessity preliminary and based on incomplete information. Accordingly, Plaintiff reserves the right to supplement and/or amend in supplemental disclosures served under Rule 26(a)(1) or 26(e)(1), as additional information is acquired through discovery and/or ongoing investigation.

The disclosure of any documents, information, or witness herein is not a waiver of any objections Plaintiff may have to any document, information, or witness, and Plaintiff reserves the right to object in whole or in part to the use of any disclosed document, information, or witness.

**A. The names and, if known, the addresses and telephone numbers of each individual likely to have discoverable information—along with the subjects of such information.**

1. Plaintiff Albert Lee Madison
   c/o Emanuel Kataev, Esq.
   Consumer Attorneys, PLLC
   6829 Main Street
   Flushing NY 11367-1305
   (718) 412-2421

Plaintiff is likely to have personal knowledge of issues relevant to this case including but not limited to the allegations in Plaintiff's complaint.

2. Robin Hall
   [address unknown]

Mr. Hall, a shop steward is likely to have personal knowledge of issues relevant to this case including but not limited to the allegations in Plaintiff's complaint.

3. William Hatten
   [address unknown]

Mr. Hatten, Plaintiff's Supervisor is likely to have personal knowledge of issues relevant to this case including but not limited to the allegations in Plaintiff's complaint.

4. Zach Canaan
   [address unknown]
   Mr. Canaan, a shop steward is likely to have personal knowledge of issues relevant to this case including but not limited to the allegations in Plaintiff's complaint.

5. Doug Bracken
   [address unknown]

Mr. Bracken, Plaintiff's co-worker is likely to have personal knowledge of issues relevant to this case including but not limited to the allegations in Plaintiff's complaint.

6. Eric Stafford
   [address unknown]

Mr. Stafford, a sky cap is likely to have personal knowledge of issues relevant to this case including but not limited to the allegations in Plaintiff's complaint.

7. Chad Last Name Unknown
   c/o Emanuel Kataev, Esq.
   Consumer Attorneys, PLLC
   6829 Main Street
   Flushing NY 11367-1305
   (718) 412-2421

Mr. Chad, an electrician is likely to have personal knowledge of issues relevant to this case including but not limited to the allegations in Plaintiff's complaint.

8. Representatives of Defendant SP Plus Corporation ("SP Plus")
   c/o Alex J. Levin
   David A. Moore
   Laner Muchin, Ltd.
   515 N. State St., Ste. 2400
   Chicago, IL 60654
   312-467-9800
   alevin@lanermuchin.com
   dmoore@lanermuchin.com

SP Plus's Representatives is likely to have knowledge of issues relevant to this case including but not limited to the allegations pled by Plaintiff in the Complaint in the instant case.

9. All individuals listed in any party's disclosure statement, witness lists, and any supplements.
10. All individuals referenced in any party's requests for admissions, interrogatories, requests for production of documents, and any supplements, as well as responses to any discovery requests.
11. Any witnesses, including custodians of record, presently unidentified, but whose identity is learned prior to trial, without prejudicing any party.
12. All custodians of records necessary to establish the foundation for all trial exhibits.

**B. A copy or description by category and location of documents, electronically stored information, and tangible things in disclosing party's possession, to support its claims.**

The following documents are in the possession, custody, or control of Plaintiff and may be used to support the allegations in his Complaint: medical records, EEOC charge related documents,

employment records, grievance records, correspondence with employer and union, NLRB charge

related documents, notes, and sworn statement(s).

**C. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Mr. Madison seeks:

Back pay: $52,392.80 ($663.20 times 79 weeks)
Front pay: $34,486.40 ($663.20 times 52 weeks)
Accrued PTO: $6,632.00 ($16.58 x 400 hours)
Emotional distress: $175,000.00 (Mr. Madison sought treatment from psychiatrists)
Attorneys' fees: $15,000.00 ($400.00 per hour x 37.5 hours)
Total: $283,511.20

For inspection and copying as under Rule 34, any insurance agreement under which an

insurance business may be liable to satisfy all or part of a possible judgment in the case or to

indemnify or reimburse for payments made to satisfy the judgment.

Plaintiff is not presently aware of any applicable insurance agreement.

Plaintiff provides the above disclosures based on information currently available. Plaintiff

reserves the right to supplement or amend this disclosure statement.

Respectfully submitted this 2nd day of February, 2026.

*/s/ Emanuel Kataev*
Emanuel Kataev, Esq.
*Pro Hac Vice Admitted*
6829 Main Street
Flushing, NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

Meir Rubinov, Bar #6077887NY
CONSUMER ATTORNEYS
6829 Main Street
Flushing, NY 11367-1305
T: 718-640-8123
F: (718) 715-1750
E: mrubinov@consumerattorneys.com

*Attorneys for Plaintiff,*
*Albert Lee Madison*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2026, I served a true and correct copy of the following document(s) described as:

1. **PLAINTIFF'S INITIAL DISCLOSURE STATEMENT PURSUANT TO FED. R. CIV. P. 26(a)(1)**

via E-Mail, to the following:

Alex J. Levin
Laner Muchin, Ltd.
515 N. State St., Ste. 2400
Chicago, IL 60654
alevin@lanermuchin.com

David A. Moore
Laner Muchin, Ltd.
515 N. State St., Ste. 2400
Chicago, IL 60654
dmoore@lanermuchin.com

*Attorney for Defendants SP Plus Corporation*

*/s/Mia Kristensen*

# EXHIBIT 7

## Alex J. Levin

| | |
|---|---|
| **From:** | Alex J. Levin |
| **Sent:** | Thursday, February 5, 2026 1:32 PM |
| **To:** | Emanuel Kataev |
| **Cc:** | 'Meir Rubinov'; David A. Moore |
| **Subject:** | Re: Madison v. SP Plus, LLC et al. - Discovery |
| **Attachments:** | Subpoena to Appear Baskir 1.pdf; Subpoena to St. Mary's Hospital (Records) 1.pdf; Subpoena to Appear Krus Whiteside 1.pdf; Subpoena to Baskir (Records) 1.pdf; Subpoena to Krus-Whiteside (Records) 2.pdf; Notice of Video Deposition - Krus Whiteside 1.docx; Notice of Deposition - Madison 1.docx; Notice of Video Deposition - Baskir 1.docx; HIPAA Form 1.pdf; 2025.02.05 Ltr to Plaintiff's Counsel re Discovery Deficiencies.pdf |

Emanuel:

Attached please find the following items:

1. Defendant's February 5, 2026 discovery deficiency letter;
2. NOVD for Albert Lee Madison;
3. HIPAA Release;
4. Subpoenas for Medical Records from Bruce Baskir, Gabrielle Krus-Whiteside and St. Mary's Hospital;
5. NOD for Bruce Baskir and Gabrielle Krus-Whiteside

Pursuant to the Federal Rules of Civil Procedure, we are providing you with advanced copies of the subpoenas. We have not served them yet and will be proceeding with service on Monday if we do not hear objections from you. All dates in the notices of depositions are suggestions at this time and are not set in stone.

Please note, that the HIPAA request is still outstanding and you have an obligation to have the document signed and returned to us due to your client's claims centering around both his physical and mental health.

Due to the short time frame we have left in discovery, your prompt attention would be greatly appreciated. Please let me know if you wish to discuss any of these matters further.



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.





Laner Muchin, Ltd.
515 N. State Street, Suite 2400
Chicago, IL 60654
312.467.9800
www.lanerlaw.com

February 5, 2026

**VIA EMAIL**

Mr. Emanuel Kataev
Mr. Meir Rubinov
Consumer Attorneys, PLLC
6829 Main Street
Flushing, NY 11367
ekataev@consumerattorneys.com
mrubinov@consumerattorneys.com

     Re:    ***Albert Lee Madison v. SP Plus, LLC, et al., Case No. 4:25-cv-000231 (HEA)***
          **Plaintiff's Written Discovery Responses**

Dear Counsel:

Defendant issued Interrogatories and Document Requests to Plaintiff on November 7, 2025, and Plaintiff did not respond until January 22, 2026. Despite receiving additional time to respond, Plaintiff's responses are almost entirely deficient. Please let us know if you are available to meet and confer about the deficiencies on Friday, February 6, 2026, or provide an alternative time to speak early next week.

**Interrogatory No. 1**

Interrogatory No. 1 asked Plaintiff to, "[i]dentify all individuals (full name, job title, employer/business, and work and personal addresses, telephone numbers, and email addresses), other than Plaintiff's attorneys, who provided Plaintiff any assistance in answering any of [the] interrogatories, designating which interrogatory or interrogatories that such person(s) assisted Plaintiff in answering as well as the nature of assistance that the individual provided to Plaintiff."

In his answer, Plaintiff only referred Defendant to see his Rule 26 Disclosures. At the time of service of the responses, Plaintiff had not served any Initial Disclosures pursuant to Federal Rule 26(a)(1). Upon request, Plaintiff served these disclosures on February 2, 2026. The disclosures do not provide information regarding whether any individuals assisted Plaintiff in his drafting responses to Defendant's interrogatories nor do the disclosures provide information on the nature of the assistance that was provided.

Please supplement your response to Interrogatory No. 1 and provide detailed information regarding any assistance provided to Plaintiff in responding to Defendant's interrogatories.

**Interrogatory No. 2**



Page 2

Interrogatory No. 2 asked Complainant to, "[i]dentify each person (full name, job title, employer/business, and work and personal addresses, telephone numbers and email addresses) whom Plaintiff believes has knowledge regarding the allegations in the Complaint or defenses in Defendant's Answer, and for each person or witness, state in detail the information the person is believed to have, and the testimony expected to be elicited during discovery and/or at trial."

Plaintiff again only referred Defendant to see his Rule 26 Disclosures. As has already been noted, at the time of service of the responses, no disclosures had been made pursuant to Federal Rule 26(a)(1). Following a request from Defendant, Plaintiff served his disclosures on February 2, 2026. In his disclosures, Plaintiff identifies a number of individuals including Robin Hall, William Hatten, Zach Canaan, Doug Bracken, Eric Stafford and Chad (last name unknown). Plaintiff fails to provide any information regarding many of these individuals employers, work addresses, telephone numbers or their email addresses. Furthermore, Plaintiff fails to provide detailed answer about what information these individuals have and what testimony Plaintiff expects to elicit from them during discovery and/or at trial. Instead, Plaintiff merely states that they have "personal knowledge of issues relevant to this case including but not limited to the allegations in Plaintiff's complaint."

Please supplement your response to Interrogatory No. 2 and provide more specific information regarding the contact information for these individuals including their employer, their work addresses, their email addresses, and their phone numbers as well as a detailed accounting of *what* personal information they have as well as what testimony they are expected to provide.

**Interrogatory No. 4**

Interrogatory No. 4 asked Plaintiff to, "[i]dentify and describe each and every statement (oral, written, or in any way recorded) that Plaintiff has obtained from any person or source concerning Plaintiff's claims against Defendants or request for damages, including the full name, job title, employer/business, work and personal address, telephone numbers, and email addresses of each person who gave the statement, the date the statement was obtained, and a copy of any such documents related to the statement."

Plaintiff first objects to the interrogatory, incorrectly claiming that the interrogatory violated Federal Rule of Civil Procedure 33(a)(1) as Defendant exceeded the maximum interrogatories allowed. The Eastern District of Missouri has already ruled that alleged "sub-parts" to interrogatories that seek to clarify the information requested *do not* constitute separate requests under the Federal Rules. *Johnson v. Neiman*, 2010 U.S. Dist. LEXIS 83444, at *5 (E.D. Mo. Aug. 16, 2010). Plaintiff's objection that Defendant exceeded the maximum number of allowable interrogatories is clearly without merit.

Subject to his objection, Plaintiff simply referred Defendant to his production of documents. Plaintiff failed to provide a specific reference to a document or range of documents. Courts in the Eighth Circuit have held that "Rule 33 cannot [] be used as a procedural device for



Page 3

avoiding the duty to give information by shifting the obligation to find out whether the information is ascertainable from the records which have been tendered." *Budget Rent-A-Car of Missouri, Inc. v. Hertz Corp.*, 55 F.R.D. 354, 357 (W.D. Mo. 1972). While a party can refer to records when answering an interrogatory, the answer must specify "the records from which the answer may be derived or ascertained." *Drummer v. Corizon, LLC*, 2019 U.S. Dist. LEXIS 77641, at *6 (E.D. Mo. May 8, 2019) (citing *Budget Rent-A-Car of Missouri, Inc.*, 55 F.R.D. at 357; *Whitley v. McClain*, 2014 U.S. Dist. LEXIS 49626, at 2 (E.D. Mo. Apr. 10, 2014)). Plaintiff fails to provide the detailed information on identifying the individual(s) who have provided statements including their names, job titles, employers/businesses, work and personal addresses, telephone numbers, email addresses, and the date the statement was obtained.

Please supplement your response to Interrogatory No. 4 and provide detailed information regarding where within Plaintiff's document production the statements can be found and also the detailed information about the individuals providing the statements.

**Interrogatory No. 5**

Interrogatory No. 5 asked Plaintiff to, "[i]dentify each person (full name, job title, employer/business, and work and personal addresses, telephone numbers, and email addresses) with whom Plaintiff has discussed any of the claims, matters or issues in this case, and for each such person, describe in detail all such discussions (including date, location, whether written or oral, who said what, etc.), and identify any document relating to the discussion."

Plaintiff again objects to the interrogatory by incorrectly claiming that the interrogatory violated Federal Rule of Civil Procedure 33(a)(1) as Defendant exceeded the maximum interrogatories allowed. As has been previously stated, the Eastern District of Missouri has already ruled that alleged "sub-parts" to interrogatories that seek to clarify the information requested *do not* constitute separate requests under the Federal Rules. *Johnson v. Neiman*, 2010 U.S. Dist. LEXIS 83444, at *5 (E.D. Mo. Aug. 16, 2010). Plaintiff's objection that Defendant exceeded the maximum number of allowable interrogatories is similarly without merit.

Subject to his objection, Plaintiff simply referred Defendant to his Rule 26 disclosures. As has previously been stated, at the time of service of the responses, Plaintiff had not served any Initial Disclosures pursuant to Federal Rule 26(a)(1). Upon request, Plaintiff served these disclosures on February 2, 2026. The disclosures do not provide information regarding whether Plaintiff has discussed his claims with any individuals. The disclosures similarly do not describe the detail of any of these discussions.

Please supplement your response to Interrogatory No. 5 and provide detailed information regarding any Plaintiff has had with any individuals regarding his claims and provide the details of such discussions including the date, location, manner of discussion and topic of discussion.

**Interrogatory No. 7**



Page 4

Interrogatory No. 4 asked Plaintiff to, "[i]dentify and describe all facts that Plaintiff believes support his allegation contained in his Complaint that either the Corporate Defendant or the Individual Defendants 'placed Plaintiff on indefinite leave until Plaintiff agreed to return to work without accommodations' and state whether Plaintiff has documents, notes, or other writings concerning such facts that Plaintiff believes support this allegation."

Plaintiff again objects to the interrogatory by incorrectly claiming that the interrogatory violated Federal Rule of Civil Procedure 33(a)(1) as Defendant exceeded the maximum interrogatories allowed. As has been previously stated, the Eastern District of Missouri has already ruled that alleged "sub-parts" to interrogatories that seek to clarify the information requested *do not* constitute separate requests under the Federal Rules. *Johnson v. Neiman*, 2010 U.S. Dist. LEXIS 83444, at *5 (E.D. Mo. Aug. 16, 2010). Plaintiff's objection that Defendant exceeded the maximum number of allowable interrogatories is similarly without merit.

Plaintiff also objects that the interrogatory is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case and seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff has raised multiple claims relating to the Americans with Disabilities Act, the Family and Medical Leave Act and the Missouri Human Rights Act in his Complaint including FMLA interference (Count I); disability-based discrimination (Counts II and IV); and retaliation (Counts III and V). Plaintiff alleges in his Complaint that he suffered a flare up of his sciatica during or about April of 2024 that resulted in him being placed on protected leave that began in April of 2024. *See* Complaint, ¶¶39, 40. Plaintiff's Complaint in and of itself has placed his leave directly at issue in this case. It is not unduly burdensome nor is the request overly broad for seeking information relating to his leave or his need for accommodations. It is directly proportional to the needs of the case for Defendant to obtain information directly related to Plaintiff's leave.

Subject to his objection, Plaintiff again only referred Defendant to his production of documents. Plaintiff failed to provide a specific reference to a document or range of documents. As has previously been noted, Courts in the Eighth Circuit have held that "Rule 33 cannot [] be used as a procedural device for avoiding the duty to give information by shifting the obligation to find out whether the information is ascertainable from the records which have been tendered." *Budget Rent-A-Car of Missouri, Inc. v. Hertz Corp.*, 55 F.R.D. 354, 357 (W.D. Mo. 1972). While a party can refer to records when answering an interrogatory, the answer must specify "the records from which the answer may be derived or ascertained." *Drummer v. Corizon, LLC*, 2019 U.S. Dist. LEXIS 77641, at *6 (E.D. Mo. May 8, 2019) (citing *Budget Rent-A-Car of Missouri, Inc.*, 55 F.R.D. at 357; *Whitley v. McClain*, 2014 U.S. Dist. LEXIS 49626, at 2 (E.D. Mo. Apr. 10, 2014)). Plaintiff fails to identify or describe the facts that support his contention that either the Corporate Defendant or the Individual Defendants placed him on indefinite leave until he agreed to return to work without accommodations.

Please supplement your response to Interrogatory No. 7 and provide detailed information regarding the facts that support his allegations about being forced on indefinite leave.



Page 5

**Interrogatory Nos. 8 and 23**

Interrogatory No. 8 asked Plaintiff to, "[i]dentify and describe all facts that Plaintiff believes support his allegation contained in his Complaint that 'other employees of [the Corporate] were permitted to work with similar limitations that Plaintiff was requesting' and state whether Plaintiff has documents, notes, or other writings concerning such facts that Plaintiff believes support this allegation."

Interrogatory No. 23 asked Plaintiff to, "[i]dentify each person, if any, whom you believe was similarly situated with you and was treated differently than you by Defendants due to your alleged disability and/or perceived disability, and/or your request for FMLA, and in your answer briefly summarize how you were treated differently."

Plaintiff again objects to these interrogatories by incorrectly claiming that each interrogatory violated Federal Rule of Civil Procedure 33(a)(1) as Defendant exceeded the maximum interrogatories allowed. As has been previously stated, the Eastern District of Missouri has already ruled that alleged "sub-parts" to interrogatories that seek to clarify the information requested *do not* constitute separate requests under the Federal Rules. *Johnson v. Neiman*, 2010 U.S. Dist. LEXIS 83444, at *5 (E.D. Mo. Aug. 16, 2010). Plaintiff's objections that Defendant exceeded the maximum number of allowable interrogatories are similarly without merit.

Plaintiff also objects that these interrogatories are vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case, seek information protected by the attorney-client privilege and/or work product doctrine and require speculation. Plaintiff has raised multiple claims relating to the Americans with Disabilities Act, the Family and Medical Leave Act and the Missouri Human Rights Act in his Complaint including FMLA interference (Count I); disability-based discrimination (Counts II and IV); and retaliation (Counts III and V). Plaintiff alleges in his Complaint that other employees were permitted to work with similar restrictions. *See* Complaint, ¶ 47. Plaintiff's Complaint in and of itself has placed restrictions granted to other employees directly at issue in this case. It is not unduly burdensome nor is the request overly broad for seeking information relating to his knowledge of restrictions and accommodations of other employees. It is directly proportional to the needs of the case for Defendant to obtain information directly related to comparators.

Subject to his objection, Plaintiff simply identified two individuals: Will Johnson and Marcus (last name unknown). Neither of these individuals were identified in Plaintiff's Rule 26(a)(1) Initial Disclosures. Plaintiff fails to provide any information or facts that support his allegation that other employees were permitted to work with similar limitations. Plaintiff does not even identify whether these individuals were the ones provided accommodations or if they provided accommodations to others. Plaintiff also fails to disclose if he has any documents, notes or other writings that support his allegation regarding these two individuals, whatever that allegation may be.



Page 6

Please supplement your response to Interrogatory Nos. 8 and 23 and provide detailed information regarding who these individuals are, what facts Plaintiff is alleging with regard to these individuals, whether Plaintiff has any documents in his possession relating to said facts and summarize how Plaintiff believes Defendant treated him differently from these individuals.

**Interrogatory Nos. 13, 14, 15, and 16**

Interrogatory No. 13 asked Plaintiff to, "identify each provider (full name, job title, employer/business, and work and personal addresses, telephone numbers, and email addresses), and the specific treatment Plaintiff received from each provider including, dates of treatment, nature of treatment, and all related documents."

Interrogatory No. 14 asked Plaintiff to, "identify each such person (full name, job title, employer/business, and work and personal addresses, telephone numbers, and email addresses), and the specific treatment, diagnosis, counseling, therapy or consultation Plaintiff received from each person including, but not limited to, its date and nature on each date, and all related documents" for all individuals with whom Plaintiff sought treatment, diagnosis, counseling, therapy, or consultation within the ten-year time period prior to the events alleged in the Complaint.

Interrogatory No. 15 asked Plaintiff to, "[i]dentify each healthcare provider (full name, job title, employer/business, and work and personal addresses, telephone number, and email addresses) Plaintiff has been treated by for the medical conditions requiring any leave or any accommodation, and the specific treatment Plaintiff received from each provider including, dates of treatment, nature of treatment, and all related documents."

Interrogatory No. 16 asked Plaintiff to "[i]dentify and describe in detail (a) [his] physical or mental impairment(s) that substantially limits one or more major life activities under the Americans with Disabilities Act ("ADA") and describe in detail the major life activities that are limited by [his] alleged impairment(s); and (b) [t]he basis for [his] belief that [he was] qualified to perform the essential functions of [his] position with or without accommodations, including, but not limited to, the accommodation(s), if any, that [he believes] would have allowed [him] to perform the essential functions of the position."

Plaintiff again objects to these interrogatories by incorrectly claiming that each interrogatory violated Federal Rule of Civil Procedure 33(a)(1) as Defendant exceeded the maximum interrogatories allowed. As has been previously stated, the Eastern District of Missouri has already ruled that alleged "sub-parts" to interrogatories that seek to clarify the information requested *do not* constitute separate requests under the Federal Rules. *Johnson v. Neiman*, 2010 U.S. Dist. LEXIS 83444, at *5 (E.D. Mo. Aug. 16, 2010). Plaintiff's objections that Defendant exceeded the maximum number of allowable interrogatories are similarly without merit.



Page 7

Plaintiff also objects that the interrogatories are vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case and seek information protected by the attorney-client privilege and/or work product doctrine. Plaintiff further objects that the interrogatories seek private, sensitive and/or confidential information not necessary for mitigation.

Plaintiff has placed his physical and mental health conditions directly at issue in this case—both for purposes of liability and for damages. Plaintiff has raised multiple claims relating to the Americans with Disabilities Act, the Family and Medical Leave Act and the Missouri Human Rights Act in his Complaint including FMLA interference (Count I); disability-based discrimination (Counts II and IV); and retaliation (Counts III and V). Whether Plaintiff has physical or mental health conditions constituting serious health conditions under the FMLA and/or disabilities under the ADA and state law, and whether Plaintiff needed leave, had restrictions and/or accommodations at different points in time, and whether Plaintiff could perform his essential job duties with or without accommodations are directly at issue.

Plaintiff also alleges in his Complaint that he suffered emotional distress, emotional pain, suffering, inconvenience, loss of enjoyment of life and other non-pecuniary losses. *See* Complaint, ¶¶59, 60. Plaintiff has therefore placed his mental health and related medical history directly at issue. It is not unduly burdensome nor is the request overly broad for seeking information relating to his treatment for physical ailments or his alleged mental injuries. It is directly proportional to the needs of the case for Defendant to obtain information directly related to Plaintiff's need for leave, accommodations, and his non-economic damages.

Subject to his objection, Plaintiff again only referred Defendant to his production of documents. Plaintiff failed to provide a specific reference to a document or range of documents. As has previously been noted, Courts in the Eighth Circuit have held that "Rule 33 cannot [] be used as a procedural device for avoiding the duty to give information by shifting the obligation to find out whether the information is ascertainable from the records which have been tendered." *Budget Rent-A-Car of Missouri, Inc. v. Hertz Corp.*, 55 F.R.D. 354, 357 (W.D. Mo. 1972). While a party can refer to records when answering an interrogatory, the answer must specify "the records from which the answer may be derived or ascertained." *Drummer v. Corizon, LLC*, 2019 U.S. Dist. LEXIS 77641, at *6 (E.D. Mo. May 8, 2019) (citing *Budget Rent-A-Car of Missouri, Inc.*, 55 F.R.D. at 357; *Whitley v. McClain*, 2014 U.S. Dist. LEXIS 49626, at 2 (E.D. Mo. Apr. 10, 2014)). Plaintiff fails to provide any information regarding the providers he sought treatment with, the specific treatment he received from each provider or the specific documents relating to the treatment Plaintiff sought.

Please supplement your response to Interrogatory Nos. 13, 14, 15 and 16 and provide detailed information regarding the treatment Plaintiff sought from healthcare providers for any alleged physical and/or emotional/mental injury he claims resulted from the acts or omissions by Defendants.

**Interrogatory No. 17**



Page 8

Interrogatory No. 17 asked Plaintiff to, "[i]dentify and describe in detail any and all accommodations that you requested, attempted to request, and/or contemplated that you believe would have allowed you to remain employed with Defendant, including, but not limited to, (a) the date on which the accommodation request was made; (b) the specific accommodation requested; (c) to whom and how the accommodation request was made; (d) the details of the dialogue, if any, that followed the accommodation request; and (e) the result of the accommodation request."

Plaintiff again objects to the interrogatory by incorrectly claiming that the interrogatory violated Federal Rule of Civil Procedure 33(a)(1) as Defendant exceeded the maximum interrogatories allowed. As has been previously stated, the Eastern District of Missouri has already ruled that alleged "sub-parts" to interrogatories that seek to clarify the information requested *do not* constitute separate requests under the Federal Rules. *Johnson v. Neiman*, 2010 U.S. Dist. LEXIS 83444, at *5 (E.D. Mo. Aug. 16, 2010). Plaintiff's objection that Defendant exceeded the maximum number of allowable interrogatories is similarly without merit.

Plaintiff also objects that the interrogatory is vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case and seeks information protected by the attorney-client privilege and/or work product doctrine. Plaintiff has raised multiple claims relating to the Americans with Disabilities Act, the Family and Medical Leave Act and the Missouri Human Rights Act in his Complaint including FMLA interference (Count I); disability-based discrimination (Counts II and IV); and retaliation (Counts III and V). Plaintiff alleges in his Complaint that he requested accommodations that were not provided by Defendant. *See* Complaint, ¶¶37-40. Plaintiff's Complaint in and of itself has placed his accommodation requests at issue in this case. It is not unduly burdensome nor is the request overly broad for seeking information relating to his need for accommodations. It is directly proportional to the needs of the case for Defendant to obtain information directly related to Plaintiff's allegedly requested accommodations.

Subject to his objection, Plaintiff again only referred Defendant to his production of documents. Plaintiff failed to provide a specific reference to a document or range of documents. As has previously been noted, Courts in the Eighth Circuit have held that "Rule 33 cannot [] be used as a procedural device for avoiding the duty to give information by shifting the obligation to find out whether the information is ascertainable from the records which have been tendered." *Budget Rent-A-Car of Missouri, Inc. v. Hertz Corp.*, 55 F.R.D. 354, 357 (W.D. Mo. 1972). While a party can refer to records when answering an interrogatory, the answer must specify "the records from which the answer may be derived or ascertained." *Drummer v. Corizon, LLC*, 2019 U.S. Dist. LEXIS 77641, at *6 (E.D. Mo. May 8, 2019) (citing *Budget Rent-A-Car of Missouri, Inc.*, 55 F.R.D. at 357; *Whitley v. McClain*, 2014 U.S. Dist. LEXIS 49626, at 2 (E.D. Mo. Apr. 10, 2014)). Plaintiff fails to identify or describe the accommodations he requested, attempted to request or thought he might have needed. Plaintiff further fails to provide information on the date he made accommodation requests, the accommodations requested, to whom he made the request, the details of his discussion and the result of the request.



Page 9

Please supplement your response to Interrogatory No. 17 and provide detailed information regarding the requests for accommodation made by Plaintiff.

**Interrogatory Nos. 18, 19, 20, 21 and 22**

Interrogatory No. 18 asked Plaintiff to, "[i]dentify each statement or communication (including date, location, whether written or oral, who said what, etc.) that Plaintiff alleges constituted discrimination, harassment, or retaliation related to Plaintiff's disability or accommodation requests."

Interrogatory No. 19 asked Plaintiff to, "[i]dentify each statement or communication (including date, location, whether written or oral, who said what, etc.) that Plaintiff alleges constituted discrimination, harassment, or retaliation related to Plaintiff's FMLA leave."

Interrogatory No. 20 asked Plaintiff to, "describe [internal complaints or reports of alleged harassment, discrimination, or retaliation] in detail, including the date and the person to whom it was made, and identify all related statements (including date, location, whether written or oral, who said what, etc.)."

Interrogatory No. 21 asked Plaintiff to, "[d]escribe in detail each act or omission, including but not limited to, any adverse employment action by Defendant that Plaintiff alleges was because of Plaintiff's disability (including date, place, person, specific act or omission, witnesses, etc.)."

Interrogatory No. 22 asked Plaintiff to, "[d]escribe in detail each act or omission, including but not limited to, any adverse employment action by Defendant that Plaintiff alleges because of Plaintiff's FMLA leave (including date, place, person, specific act or omission, witnesses, etc.)."

Plaintiff again objects to these interrogatories by incorrectly claiming that each interrogatory violated Federal Rule of Civil Procedure 33(a)(1) as Defendant exceeded the maximum interrogatories allowed. As has been previously stated, the Eastern District of Missouri has already ruled that alleged "sub-parts" to interrogatories that seek to clarify the information requested *do not* constitute separate requests under the Federal Rules. *Johnson v. Neiman*, 2010 U.S. Dist. LEXIS 83444, at *5 (E.D. Mo. Aug. 16, 2010). Plaintiff's objections that Defendant exceeded the maximum number of allowable interrogatories are similarly without merit.

Plaintiff also objects that the interrogatories are vague, overly broad, unduly burdensome, not relevant and proportional to the needs of this case and require speculation. Plaintiff has raised multiple claims relating to the Americans with Disabilities Act, the Family and Medical Leave Act and the Missouri Human Rights Act in his Complaint including FMLA interference (Count I); disability-based discrimination (Counts II and IV); and retaliation (Counts III and V). Plaintiff alleges in his Complaint that he requested accommodations that were not provided by Defendant.



Page 10

*See* Complaint, ¶¶37-40. Plaintiff further alleges that he suffered discrimination due to his disability. *Id.* at ¶¶ 102, 104. Plaintiff also alleges that Defendants interfered with his right to take job-protected leave as guaranteed by the Family and Medical Leave Act. *Id.* at ¶ 72. Plaintiff's Complaint in and of itself has placed discrimination, harassment or retaliation at issue in this case. It is not unduly burdensome nor is the request overly broad for seeking information relating to alleged acts of discrimination, retaliation or interference or to seek information about his reporting of such incidents. It is directly proportional to the needs of the case for Defendant to obtain information directly related to Plaintiff's claims of discrimination, retaliation and interference.

Subject to his objection, Plaintiff again only referred Defendant to his production of documents. Plaintiff failed to provide a specific reference to a document or range of documents. As has previously been noted, Courts in the Eighth Circuit have held that "Rule 33 cannot [] be used as a procedural device for avoiding the duty to give information by shifting the obligation to find out whether the information is ascertainable from the records which have been tendered." *Budget Rent-A-Car of Missouri, Inc. v. Hertz Corp.*, 55 F.R.D. 354, 357 (W.D. Mo. 1972). While a party can refer to records when answering an interrogatory, the answer must specify "the records from which the answer may be derived or ascertained." *Drummer v. Corizon, LLC*, 2019 U.S. Dist. LEXIS 77641, at *6 (E.D. Mo. May 8, 2019) (citing *Budget Rent-A-Car of Missouri, Inc.*, 55 F.R.D. at 357; *Whitley v. McClain*, 2014 U.S. Dist. LEXIS 49626, at 2 (E.D. Mo. Apr. 10, 2014)). Plaintiff fails to provide any details responsive to Interrogatories 18, 19, 20, 21 and 22 and instead vaguely points to his document production. Such a response provides no details about his allegations of discrimination, retaliation or interference and provides no details about whether or not Plaintiff ever reported such incidents to Defendant.

Please supplement your response to Interrogatory Nos. 18, 19, 20, 21 and 22 and provide detailed information regarding the incidents of discrimination, retaliation and interference as well as Plaintiff's reports of such incidents to Defendant.

## Request for Production No. 14

Request for Production No. 14 asked Plaintiff to produce, "[a]ll of Plaintiff's federal and state income tax returns, IRS Form W-2 or 1099 statements, and bank statement for the calendar years 2021 through the present.

Plaintiff objected to this Request for Production, claiming that it was overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Plaintiff further objected to this Request, claiming that it sought private, sensitive, or confidential information.

"Tax returns are invariably relevant in employment discrimination litigation." *Johnson v. MERS-Goodwill*, 2014 U.S. Dist. LEXIS 173847, at *3 (E.D. Mo. Dec. 17, 2014). "Tax returns provide evidence of an employee's earnings, and are thus relevant to these issues." *Id.* The production of Plaintiff's tax returns for the years immediately preceding and following his



Page 11

medical leave are directly relevant to the claims of this case, including Plaintiff's allegations of entitlement to damages.

Please supplement your response to Request for Production No. 14 with Plaintiff's federal and state tax returns and accompanying documentation.

**Request for Production Nos. 15, 16 and 17**

Request for Production No. 15 asked Plaintiff to produce, "[a]ll documents relating to Plaintiff's efforts, if any, to find employment at any employer after Plaintiff's alleged suspension from Defendant to the present day, including but not limited to: (A) All documents sent to or received from any prospective employer by Plaintiff; (B) All documents sent to or received from any employment services, agency, union or other entity and/or individual(s) or website which may have assisted Plaintiff in seeking employment; (C) All resumes or other documents reflecting Plaintiff's skills and/or job history and/or references used in an effort to obtain employment; and (D) All applications submitted to any prospective employer."

Request for Production No. 16 asked Plaintiff to produce, "[a]ll records of potential employers whom plaintiff contacted or attempted to contact and documents relating to job offers and compensation and benefits offered by any prospective employer to plaintiff. All documents reflecting Plaintiff's employment status from Plainti9ff's separation of employment  from Defendant to the present, including offer letters, employment contracts, promotions, etc., and all documents referring or relating to all compensation and benefits Plaintiff has received or which Plaintiff is entitled to receive as a result of subsequent employment (including self-employment), including paystubs, benefit plan descriptions, bonus payments, and any other related compensation."

Request for Production No. 17 asked Plaintiff to produce "[a]ll documents relating to any other source of income or benefits Plaintiff has received from the date of Plaintiff's separation from employment with Defendant to the present, including, but not limited to: (A) unemployment compensation records; (B) disability benefits records; (C) social security records; (D) records of gifts, donations or support of any other kind; (E) records of income Plaintiff received through any enterprise of which Plaintiff is or was an owner or part owner; or (F) records of income from self-employment."

Plaintiff objected to this Request for Production, claiming that it was overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Plaintiff further objected to this Request, claiming that he was not in possession, custody or control of any responsive documents. However, during the mediation on February 4, 2026, Plaintiff informed the mediator that he had collected unemployment benefits following his termination in June of 2025. Plaintiff also allegedly informed the mediator that he had looked for some employment in order to collect unemployment benefits. This directly contradicts Plaintiff's claims that he is not in possession, custody or control of any such documents. The documents requested are directly related to Plaintiff's claim for damages and are in no way overly broad or unduly burdensome.



Page 12

Defendant is entitled to any documentation showing attempts made by Plaintiff to mitigate his damages following his termination.

Please supplement your responses to Request for Production Nos. 15, 16 and 17 with all documents in your possession regarding attempts to find new employment as well as all documents relating to other sources of income collected.

**Request for Production No. 24**

As part of its request for production, Defendant provided Plaintiff with a HIPAA authorization so that Defendant could subpoena Plaintiff's medical providers.

Plaintiff objected to the request, claiming it was overly broad, unduly burdensome, and not relevant and proportional to the needs of the case. Plaintiff further objected that it sought information protected by the psychotherapist-patient privilege as well as the doctor-patient privilege.

Plaintiff has directly placed his physical and mental health at issue in filing this lawsuit. Plaintiff has raised multiple claims relating to the Americans with Disabilities Act, the Family and Medical Leave Act and the Missouri Human Rights Act in his Complaint including FMLA interference (Count I); disability-based discrimination (Counts II and IV); and retaliation (Counts III and V). Plaintiff has claimed he suffered emotional distress as a result of the actions of Defendant. Defendant is therefore entitled to subpoena any and all records that may support such claims of physical and mental health issues.

Please provide a fully executed HIPAA release as soon as possible.

We  request that you take immediate action to rectify the issues identified in this letter. We would prefer to resolve these deficiencies without court intervention.

I look forward to discussing and amicably resolving these issues with you in our call.

Sincerely,

Alex Levin

## CONSENT FOR RELEASE OF HEALTH CARE INFORMATION AND RECORDS

Patient Name:      Albert Lee Madison

Date of Birth:      ▮▮▮▮▮▮▮▮

Address:

Telephone Number:

By signing this authorization form I authorize the person(s) and/or organization(s) described below to use and/or disclose my health information (information that constitutes protected health information as defined in the Privacy Rule of the Administrative Simplification provisions of the Health Insurance Portability and Accountability Act of 1996) in the manner described below. The person(s) and/or organization(s) described below who I am authorizing to use and/or disclose my information may not condition treatment, payment, enrollment in a health plan or eligibility for health care benefits on my decision to sign this authorization.

I have signed this form voluntarily to document my wishes regarding the use and/or disclosure of the health information described below.

1. **Description of Health Information I Authorize to be Used or Disclosed.** The chart and any and all records of any and all health care or mental health care of Albert Lee Madison, in your possession, including reports sent to any third party, and any records generated by other health care providers and in your possession. This Consent is intended to and does specifically authorize and request you to release any and all health care records and/or notes of any nature, which relate to the care, condition, treatment or diagnosis of any health issue including both physical and mental health related to Albert Lee Madison.

2. **Persons/Organizations Authorized to Use and/or Disclose My Health Information.** I authorize the following person(s) and/or organization(s) (or classes of persons and/or organizations), to disclose the health information described above in Section 1 of this form.

Dr. Bruce Baskir, MD; West Florissant Internists; Gabrielle Krus-Whiteside, LPC;

Ellie Mental Health; SSM Health St. Mary's Hospital-St. Louis

3. **Persons/Organizations Authorized to Receive and/or Use My Health Information.** I authorize David A. Moore, Alex J. Levin, or any representative of Laner Muchin, Ltd., to receive my health information from the person(s) and/or organization(s) described in Section 2 above and to use or disclose such information for the purposes listed below in Section 4 of this form. I understand that the person(s) and/or organization(s) listed above are not health care providers, health plans or health care clearinghouses subject to federal privacy standards, the health information disclosed pursuant to this authorization may no longer be protected by the federal privacy standards and such person(s) and/or organization(s) may redisclose my health information without obtaining my authorization.

4. **Description of Purpose for the Requested Use and/or Disclosure.** I authorize my health information to be used and/or disclosed for the specific purpose of performing discovery

and litigation of the lawsuit brought by Albert Lee Madison against SP Plus, LLC, Gregory Luckett and Vicky Jude, filed in Eastern District of Missouri, Case No. 4:25-cv-00231.

5.    **<u>Your Rights with Respect to This Authorization</u>**.

5.1    <u>Right to Revoke</u>. I understand that I have the right to revoke this authorization at any time. I also understand that my revocation of this authorization must be in writing. To obtain a copy of an authorization revocation form I may contact David A. Moore, Alex J. Levin, or any representative of Laner Muchin, Ltd. through my attorney. I am aware that my revocation will not be effective as to uses and/or disclosures of my health information that the person(s) and/or organization(s) identified in Sections 2 and 3 of this form have already made in reliance upon this authorization.

5.2  <u>Right to Receive Copy of This Authorization</u>. I understand that if I agree to sign this authorization I must be provided with a signed copy of it.

6.    **<u>Expiration of Authorization.</u>** This authorization to obtain records will expire 6 months after the date signed by patient.

I, Albert Lee Madison, have had an opportunity to review and understand the contents of this form. By signing this form, I am confirming that it accurately reflects my wishes. I also agree that a copy of this Consent, whether it be a photocopy, carbon copy, facsimile copy or otherwise, shall have equal standing and import as if it were an original.

Patient Signature : _____        Date: _____



**EXHIBIT 8**

**Alex J. Levin**

| | |
|---|---|
| **From:** | Emanuel Kataev <emanuel@sagelegal.nyc> |
| **Sent:** | Monday, February 9, 2026 2:31 PM |
| **To:** | Alex J. Levin |
| **Cc:** | 'Meir Rubinov'; David A. Moore; Mia Kristensen; Irina Iakovleva; Jonathan Krikheli |
| **Subject:** | RE: Madison v. SP Plus, LLC et al. - Discovery |

**EXTERNAL SENDER**

Dear Alex:

I have conflicts on March 3 and March 12 in the morning.  Let me know if we can begin these depositions at 1:00 PM EST on both dates or if you prefer to reschedule for a whole day.

As to your deficiency letter, I cannot respond to twelve pages of alleged deficiencies in two (2) days.  Let me know if I can have until Friday, February 20, 2026 to respond in writing and we can meet-and-confer the following week.  With the discovery cut-off in June, I think we should be fine.

Finally, please provide all available dates for depositions between mid- and late-April 2026 so I may prepare a Rule 30(b)(6) notice of deposition.

Thanks,

 

**Emanuel Kataev, Esq.**

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT

| | | | |
|---|---|---|---|
| (718) 412-2421 (office)<br>(718) 489-4155 (facsimile)<br>(917) 807-7819 (cellular)<br><br>emanuel@sagelegal.nyc | 1411 Broadway, 29th Floor<br>New York, NY 10018-1976<br><br>173 54th Street<br>Brooklyn, NY 11220-2505 | 45 Glen Cove Road, 2nd Floor<br>Greenvale, NY 11548-1057<br><br>1981 Marcus Avenue, Suite C129<br>New Hyde Park, NY 11042-1017 | 1515 Old Northern Boulevard<br>Roslyn, NY 11576-1127<br><br>162 Broadway, 2nd Floor<br>Amityville, NY 11701-2704 | 18211 Jamaica Avenue<br>Jamaica, NY 11423-2327<br><br>6829 Main Street,<br>Flushing, NY 11367 |

**From:** Alex J. Levin <alevin@lanerlaw.com>
**Sent:** Thursday, February 5, 2026 2:32 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** 'Meir Rubinov' <mrubinov@consumerattorneys.com>; David A. Moore <dmoore@lanerlaw.com>
**Subject:** Re: Madison v. SP Plus, LLC et al. - Discovery

**Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

1

Emanuel:

Attached please find the following items:

1. Defendant's February 5, 2026 discovery deficiency letter;
2. NOVD for Albert Lee Madison;
3. HIPAA Release;
4. Subpoenas for Medical Records from Bruce Baskir, Gabrielle Krus-Whiteside and St. Mary's Hospital;
5. NOD for Bruce Baskir and Gabrielle Krus-Whiteside

Pursuant to the Federal Rules of Civil Procedure, we are providing you with advanced copies of the subpoenas. We have not served them yet and will be proceeding with service on Monday if we do not hear objections from you. All dates in the notices of depositions are suggestions at this time and are not set in stone.

Please note, that the HIPAA request is still outstanding and you have an obligation to have the document signed and returned to us due to your client's claims centering around both his physical and mental health.

Due to the short time frame we have left in discovery, your prompt attention would be greatly appreciated. Please let me know if you wish to discuss any of these matters further.



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or

taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

3



**EXHIBIT 9**

## Alex J. Levin

| | |
|---|---|
| **From:** | Alex J. Levin |
| **Sent:** | Monday, February 23, 2026 3:05 PM |
| **To:** | Emanuel Kataev |
| **Cc:** | David A. Moore; Meir Rubinov |
| **Subject:** | Re: Madison v. SP Plus |

Emanuel:

Thank you for speaking with me last Friday. To confirm, you indicated that you had sent the HIPAA authorization for your client to sign ASAP on Friday and that you would be meeting to discuss with your client corrections to the discovery responses. We would like to have a response to you by this Wednesday, February 25, as to whether or not you will be supplementing your responses and which ones you will be supplementing. Please note, we don't need the responses until the following week as we discussed, but I would like to ensure that we know what is happening in case motion practice is needed. We also still need confirmation as to which date works best for Mr. Madison for his in-person deposition.



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

# EXHIBIT 10

## Alex J. Levin

**From:** Alex J. Levin
**Sent:** Monday, March 2, 2026 2:06 PM
**To:** Emanuel Kataev
**Cc:** David A. Moore; Meir Rubinov
**Subject:** RE: Re: Madison v. SP Plus

Emanuel:

Just following up as I did not hear from you last week confirming what you would be providing us by the end of today. As discussed during our meet-and-confer, we gave you until today, March 2nd, to supplement your responses, provide a signed HIPAA authorization and provide final dates for your client's in-person deposition.

I asked you last week to let us know by Wednesday, February 25, what you would be providing our office. I never received a response to that email.

Please provide us all requested documents and supplemental discovery responses by the end of the business day.

Thank you.



**Alex J. Levin** | Of Counsel

*Laner Muchin, Ltd.*

t: (312) 467-9800

d: (312) 494-5380

alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Alex J. Levin
**Sent:** Monday, February 23, 2026 3:05 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** David A. Moore <dmoore@lanerlaw.com>; Meir Rubinov <mrubinov@consumerattorneys.com>
**Subject:** Re: Madison v. SP Plus

Emanuel:

Thank you for speaking with me last Friday. To confirm, you indicated that you had sent the HIPAA authorization for your client to sign ASAP on Friday and that you would be meeting to discuss with your client corrections to the discovery responses. We would like to have a response to you by this Wednesday, February 25, as to whether or not you will be supplementing your responses and which ones you will be supplementing. Please note, we don't need the responses until the following week as we discussed, but I would like to ensure that we know what is happening in case motion practice is needed. We also still need confirmation as to which date works best for Mr. Madison for his in-person deposition.



**Alex J. Levin |** Of Counsel
*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

# EXHIBIT 11

**Alex J. Levin**

---

**From:**        Alex J. Levin
**Sent:**        Tuesday, March 3, 2026 10:10 AM
**To:**          'Emanuel Kataev'
**Cc:**          David A. Moore; 'Meir Rubinov'
**Subject:**     RE: Re: Madison v. SP Plus

Emanuel:

Your supplemental responses were due to us yesterday per our meet-and-confer. Please advise on the status as soon as possible. Thank you.



**Alex J. Le vin**      | Of Couns el

*Laner Muchin, Lt d.*

t:  (312) 467-9800

d: (312) 494-5380

alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2 400      , Chicag o    , I   L  6065 4

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

---

**From:** Alex J. Levin
**Sent:** Monday, March 2, 2026 2:06 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** David A. Moore <dmoore@lanerlaw.com>; Meir Rubinov <mrubinov@consumerattorneys.com>
**Subject:** RE: Re: Madison v. SP Plus

Emanuel:

Just following up as I did not hear from you last week confirming what you would be providing us by the end of today. As discussed during our meet-and-confer, we gave you until today, March 2nd, to

1

supplement your responses, provide a signed HIPAA authorization and provide final dates for your client's in-person deposition.

I asked you last week to let us know by Wednesday, February 25, what you would be providing our office. I never received a response to that email.

Please provide us all requested documents and supplemental discovery responses by the end of the business day.

Thank you.



**Alex J. Le vin**  | Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800

d: (312) 494-5380

alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Alex J. Levin
**Sent:** Monday, February 23, 2026 3:05 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** David A. Moore <dmoore@lanerlaw.com>; Meir Rubinov <mrubinov@consumerattorneys.com>
**Subject:** Re: Madison v. SP Plus

Emanuel:

Thank you for speaking with me last Friday. To confirm, you indicated that you had sent the HIPAA authorization for your client to sign ASAP on Friday and that you would be meeting to discuss with your client corrections to the discovery responses. We would like to have a response to you by this Wednesday, February 25, as to whether or not you will be supplementing your responses and which ones you will be supplementing. Please note, we don't need the responses until the following week as we

2

discussed, but I would like to ensure that we know what is happening in case motion practice is needed. We also still need confirmation as to which date works best for Mr. Madison for his in-person deposition.



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800

d: (312) 494-5380

alevin@lanerlaw.com

www.lanerlaw.com

515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

# EXHIBIT 12

**Alex J. Levin**

| | |
|---|---|
| **From:** | Emanuel Kataev <emanuel@sagelegal.nyc> |
| **Sent:** | Tuesday, March 3, 2026 10:11 AM |
| **To:** | Alex J. Levin |
| **Cc:** | David A. Moore; Meir Rubinov |
| **Subject:** | Re: Madison v. SP Plus |

**EXTERNAL SENDER**

Hi, Alex. I have a hearing today and depositions the next two days. I need until Friday 3/13. Ty

Sent from my iPhone



**Emanuel Kat**

ADMITTED IN NEW YORK, NEW JERSEY, AND CONNECTICUT

(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)

emanuel@sagelegal.nyc

1411 Broadway, 29th Floor
New York, NY 10018-1976

173 54th Street
Brooklyn, NY 11220-2505

45 Glen C
Greenvale,

1981 Marc
New Hyde

**From:** Alex J. Levin <alevin@lanerlaw.com>
**Sent:** Tuesday, March 3, 2026 11:09:33 AM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>

1

**Cc:** David A. Moore <dmoore@lanerlaw.com>; Meir Rubinov <mrubinov@consumerattorneys.com>
**Subject:** RE: Re: Madison v. SP Plus

**Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

Emanuel:

Your supplemental responses were due to us yesterday per our meet-and-confer. Please advise on the status as soon as possible. Thank you.



**Alex J. Levin |** Of Counsel
*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Alex J. Levin
**Sent:** Monday, March 2, 2026 2:06 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** David A. Moore <dmoore@lanerlaw.com>; Meir Rubinov <mrubinov@consumerattorneys.com>
**Subject:** RE: Re: Madison v. SP Plus

Emanuel:

Just following up as I did not hear from you last week confirming what you would be providing us by the end of today. As discussed during our meet-and-confer, we gave you until today, March 2nd, to supplement your responses, provide a signed HIPAA authorization and provide final dates for your client's in-person deposition.

I asked you last week to let us know by Wednesday, February 25, what you would be providing our office. I never received a response to that email.

Please provide us all requested documents and supplemental discovery responses by the end of the business day.

2

Thank you.



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800

d: (312) 494-5380

alevin@lanerlaw.com

www.lanerlaw.com

515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Alex J. Levin
**Sent:** Monday, February 23, 2026 3:05 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** David A. Moore <dmoore@lanerlaw.com>; Meir Rubinov <mrubinov@consumerattorneys.com>
**Subject:** Re: Madison v. SP Plus

Emanuel:

Thank you for speaking with me last Friday. To confirm, you indicated that you had sent the HIPAA authorization for your client to sign ASAP on Friday and that you would be meeting to discuss with your client corrections to the discovery responses. We would like to have a response to you by this Wednesday, February 25, as to whether or not you will be supplementing your responses and which ones you will be supplementing. Please note, we don't need the responses until the following week as we discussed, but I would like to ensure that we know what is happening in case motion practice is needed. We also still need confirmation as to which date works best for Mr. Madison for his in-person deposition.



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800

d: (312) 494-5380

alevin@lanerlaw.com

www.lanerlaw.com

515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.



**EXHIBIT 13**

## Alex J. Levin

| | |
|---|---|
| **From:** | Alex J. Levin |
| **Sent:** | Tuesday, March 3, 2026 10:23 AM |
| **To:** | 'Emanuel Kataev' |
| **Cc:** | David A. Moore; Meir Rubinov |
| **Subject:** | RE: Madison v. SP Plus |

Emanuel:

Are you indicating that you will provide us supplemental responses and the HIPAA authorization by March 13 or that you're just going to let us know what your position is on providing those documents?



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Sent:** Tuesday, March 3, 2026 10:11 AM
**To:** Alex J. Levin <alevin@lanerlaw.com>
**Cc:** David A. Moore <dmoore@lanerlaw.com>; Meir Rubinov <mrubinov@consumerattorneys.com>
**Subject:** Re: Madison v. SP Plus

**EXTERNAL SENDER**

Hi, Alex. I have a hearing today and depositions the next two days. I need until Friday 3/13. Ty

Sent from my iPhone



**Sage Legal**

**Emanuel Kat**

ADMITTED IN NEW YORK,
NEW JERSEY,
AND CONNECTICUT

(718) 412-2421 (office)
(718) 489-4155 (facsimile)
(917) 807-7819 (cellular)

emanuel@sagelegal.nyc

1411 Broadway, 29th Floor
New York, NY 10018-1976

173 54th Street
Brooklyn, NY 11220-2505

45 Glen C
Greenvale,

1981 Marc
New Hyde

---

**From:** Alex J. Levin <alevin@lanerlaw.com>
**Sent:** Tuesday, March 3, 2026 11:09:33 AM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** David A. Moore <dmoore@lanerlaw.com>; Meir Rubinov <mrubinov@consumerattorneys.com>
**Subject:** RE: Re: Madison v. SP Plus

> **Caution: This email originates from outside of the sagelegalllc.com. Do not click links or open attachments unless you recognize the sender and know the content is safe**

Emanuel:

Your supplemental responses were due to us yesterday per our meet-and-confer. Please advise on the status as soon as possible. Thank you.

2



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Alex J. Levin
**Sent:** Monday, March 2, 2026 2:06 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** David A. Moore <dmoore@lanerlaw.com>; Meir Rubinov <mrubinov@consumerattorneys.com>
**Subject:** RE: Re: Madison v. SP Plus

Emanuel:

Just following up as I did not hear from you last week confirming what you would be providing us by the end of today. As discussed during our meet-and-confer, we gave you until today, March 2nd, to supplement your responses, provide a signed HIPAA authorization and provide final dates for your client's in-person deposition.

I asked you last week to let us know by Wednesday, February 25, what you would be providing our office. I never received a response to that email.

Please provide us all requested documents and supplemental discovery responses by the end of the business day.

Thank you.

3



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review, dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

**From:** Alex J. Levin
**Sent:** Monday, February 23, 2026 3:05 PM
**To:** Emanuel Kataev <emanuel@sagelegal.nyc>
**Cc:** David A. Moore <dmoore@lanerlaw.com>; Meir Rubinov <mrubinov@consumerattorneys.com>
**Subject:** Re: Madison v. SP Plus

Emanuel:

Thank you for speaking with me last Friday. To confirm, you indicated that you had sent the HIPAA authorization for your client to sign ASAP on Friday and that you would be meeting to discuss with your client corrections to the discovery responses. We would like to have a response to you by this Wednesday, February 25, as to whether or not you will be supplementing your responses and which ones you will be supplementing. Please note, we don't need the responses until the following week as we discussed, but I would like to ensure that we know what is happening in case motion practice is needed. We also still need confirmation as to which date works best for Mr. Madison for his in-person deposition.



**Alex J. Levin |** Of Counsel

*Laner Muchin, Ltd.*

t:  (312) 467-9800
d: (312) 494-5380
alevin@lanerlaw.com
www.lanerlaw.com
515 North State St. Suite 2400, Chicago, IL 60654

This transmission may contain information that is privileged, confidential, protected health information (PHI) under HIPAA, and/or exempt from disclosure for other reasons and is intended solely for the use of the recipient(s) named above. If you are not the recipient, employee, or agent responsible for delivering this message to the intended recipient, you are hereby notified that any review,

dissemination, distribution, printing or copying of this email message and/or any attachments is strictly prohibited. Any advice expressed in this writing as to tax matters was neither written nor intended by the sender or Laner Muchin to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed on the taxpayer. If any such tax advice is made to any person or party other than to our client to whom the advice is directed and intended, then the advice expressed is being delivered to support the promotion or marketing (by a person other than Laner Muchin) of the transaction or matter discussed or referenced. Each taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor. If you have received this transmission in error, please notify the sender immediately at 312-467-9800 and permanently delete this email and any attachments. Thank you.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.